(304 P.3d 359)

No. 108,476

STATE OF KANSAS, *Appellant*, v. BRYAN PAUL SMITH, *Appellee*.

—

Opinion filed June 21, 2013.

*Sherri L. Becker*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellant.

*Janine Cox*, of Kansas Appellate Defender Office, for appellee.

Before ARNOLD-BURGER, P.J., GREEN, J., and LARSON, S.J.

ARNOLD-BURGER, J.: The State appeals the district court's decision to modify Bryan Paul Smith's criminal history score from A to B after determining that his two converted person felony adjudications decayed under K.S.A. 2011 Supp. 21-6810 and, therefore, could not be considered in determining his criminal history score. Because we find that the statute, K.S.A. 2011 Supp. 21-6811(a), under which Smith's juvenile adjudications were converted from six person misdemeanor adjudications to two person felony adjudications, did not change the nature of the offenses, they were still subject to the decay provisions of K.S.A. 2011 Supp. 21-6810, and the district court did not err in so finding. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

Smith was charged with and pled no contest to one count of contributing to a child's misconduct, three counts of burglary of a motor vehicle, five counts of theft of property, one count of possession of methamphetamine, and one count of possession of drug paraphernalia. Although Smith was convicted of all of the crimes,

he objected to his criminal history score. Over the State's objection, the district court modified Smith's criminal history score from A to B after determining Smith's six prior misdemeanor juvenile adjudications had decayed because his current crimes were committed after he turned 25 years of age. The district court sentenced Smith to a controlling sentence of 41 months' imprisonment.

The State filed a timely appeal challenging the district court's decision to modify Smith's criminal history score from A to B.

## ANALYSIS

The State contends that the district court erred when it modified Smith's criminal history score from A down to B based on the determination that Smith's six misdemeanor juvenile adjudications, which had been converted to two person felony adjudications in a prior case, had decayed and could no longer be considered in determining his criminal history score.

This issue requires the interpretation of K.S.A. 2011 Supp. 21-6810 and K.S.A. 2011 Supp. 21-6811. Interpretation of a statute is a question of law over which appellate courts have unlimited review. *State v. Dale*, 293 Kan. 660, 662, 267 P.3d 743 (2011).

The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *State v. Arnett*, 290 Kan. 41, 47, 223 P.3d 780 (2010). An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. When a statute is plain and unambiguous, an appellate court does not speculate as to the legislative intent behind it and will not read into the statute something not readily found in it. *State v. Urban*, 291 Kan. 214, 216, 239 P.3d 837 (2010).

As a general rule, appellate courts must strictly construe criminal statutes in favor of the accused. Any reasonable doubt as to the meaning of the statute is decided in favor of the accused, subject to the rule that judicial interpretation must be reasonable and sensible to effect legislative design and intent. *State v. Coman*, 294 Kan. 84, 96, 273 P.3d 701 (2012).

Our legislature has set out several rules for determining an offender's criminal history classification for sentencing purposes. If

an offender is over the age of 25 at the time of the crime of conviction, any prior "juvenile adjudication . . . *for an offense* . . . which would be a misdemeanor if committed by an adult" is not considered in determining the offender's criminal history classification. (Emphasis added.) K.S.A. 2011 Supp. 21-6810(d)(4)(C). This is referred to as the "decay factor." See K.S.A. 2011 Supp. 21-6803(e). There is no argument that Smith was 25 years of age at the time the current crimes were committed. There is also no dispute that Smith had six juvenile adjudications as part of his criminal history that would have been misdemeanors if committed by an adult. Accordingly, under the plain language of the statute, those six adjudications would decay, or not be considered, in determining Smith's criminal history classification in this case.

But in 2010, when Smith was being sentenced in another case, another legislative sentencing rule came into play. At that time, Smith was under the age of 25, and pursuant to K.S.A. 21-4711(a) (now K.S.A. 2012 Supp. 21-6811[a]) his six juvenile adjudications were rated as two person felony adjudications for sentencing purposes. The statute specifically provides that "[e]very three prior adult convictions or juvenile adjudications of class A and class B person misdemeanors in the offender's criminal history, or any combination thereof, *shall be rated* as one adult conviction or one juvenile adjudication of a person felony for criminal history purposes." (Emphasis added.) K.S.A. 2011 Supp. 21-6811(a). The same statute that allows for the decay of prior juvenile adjudications that would have been misdemeanors if committed by an adult also prohibits the decay of "a juvenile adjudication *for an offense* which would constitute a person felony if committed by an adult." (Emphasis added.) K.S.A. 2011 Supp. 21-6810(d)(3)(B).

The State relies on K.S.A. 2011 Supp. 21-6810(d)(3)(B) to argue that because Smith's six juvenile misdemeanor adjudications were converted in the 2010 case into two person felony adjudications for criminal history purposes, then those two converted person felony adjudications do not decay and can still be used in calculating Smith's current criminal history score in the present case. We disagree.

After examining the statutory language used, we are guided by two important and common words in both of the statutes. The first is the word "offense" in K.S.A. 2011 Supp. 21-6810(d)(3)(B) and (d)(4). In both of these subsections, the term "offense" is used when discussing whether a juvenile adjudication decays or not. Black's Law Dictionary defines "offense" as a violation of the law. Black's Law Dictionary 1186 (9th ed. 2009). "The terms 'crime,' 'offense,' and 'criminal offense' are all said to be synonymous, and ordinarily used interchangeably." 22 C.J.S., Criminal Law § 3. This suggests that the legislature was referring to the crime itself and not what the crime was later classified as for criminal history purposes.

The second important word is "rated" in K.S.A. 2011 Supp. 21-6811(a). To rate an item is to give it a proportional or relative value. See Black's Law Dictionary 1375 (9th ed. 2009). This term suggests that three juvenile adjudications are merely given the proportional value of one person felony adjudication for sentencing purposes. This statute does not change the underlying nature of the original *offenses* and their subsequent adjudications. In essence, K.S.A. 2011 Supp. 21-6811 creates a formula the courts use to calculate a defendant's criminal history score and does not change the nature of any prior offense. Thus, because the nature of the prior offense never changes and because K.S.A. 2011 Supp. 21-6810 looks to the prior *offense* to determine whether an adjudication decays, when Smith committed the current crimes after he turned 25, his prior misdemeanor juvenile adjudications decayed under K.S.A. 2011 Supp. 21-6810(d)(4)(C) and cannot be used in the calculation of his criminal history score. It is irrelevant that the misdemeanor juvenile adjudications have, at some prior time, been converted to person felony adjudications for sentencing purposes under K.S.A. 2011 Supp. 21-6811(a).

Accordingly, the district court did not err when it reduced Smith's criminal history score from A down to B once it considered the decay of his misdemeanor juvenile adjudications.

Affirmed.