CORRECTED OPINION

NOT DESIGNATED FOR PUBLICATION

Nos. 115,595
115,596

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JESSE A. VILLA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed July 28, 2017. Affirmed.

*Sam Schirer* and *Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Thomas R. Stanton*, deputy district attorney, *Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., PIERRON and STANDRIDGE, JJ.

*Per Curiam*:  Jesse A. Villa claims he is serving an illegal prison sentence, which was imposed following revocation of his probation in two underlying cases. The district court initially imposed Villa's underlying prison sentences using a criminal history score of C. That score was calculated based in part on a juvenile adjudication for aggravated battery, a severity level 5 person felony, which did not decay under K.S.A. 2013 Supp. 21-6810(d)(3)(B). In 2016, the legislature amended K.S.A. 21-6810(d)(3)(B). Villa asserts that under the amended statute, his juvenile adjudication would now decay, and

1

his criminal history would be E. Accordingly, Villa asks to be resentenced under the amended statute. But K.S.A. 2016 Supp. 21-6810(d)(3)(B) does not apply retroactively; thus, we affirm Villa's sentence.

FACTS

On April 24, 2014, in case 14 CR 37, Villa pled guilty to one count of aggravated battery, a level 4 person felony. At his May 23, 2014, sentencing hearing, Villa's presentence investigation (PSI) report listed his criminal history score as C, to which Villa did not object. Villa's criminal history score was based in part on a 1997 juvenile adjudication for a severity level 5 aggravated battery that was scored as a person felony. The district court sentenced Villa to 24 months' probation with an underlying 27-month prison term.

On January 9, 2015, in case 14 CR 453, Villa pled no contest to violating the Kansas Offender Registration Act, a severity level 6 person felony. The plea agreement covered the charge in case 14 CR 453, a charge in another new case, and a probation violation alleged in case 14 CR 37. At his February 27, 2015, sentencing hearing, Villa's PSI report listed his criminal history score as C, based in part on the same 1997 juvenile adjudication for aggravated battery. Villa did not object to his criminal history. The district court granted Villa a downward dispositional departure, sentencing him to 24 months' probation with an underlying 36-month prison term; the sentence was to run consecutively to his sentence in case 14 CR 37.

On November 18, 2015, the district court revoked Villa's probation in both cases 14 CR 37 and 14 CR 453 and ordered Villa to serve his underlying sentences. On November 30, 2015, Villa filed a motion requesting the district court reconsider his probation revocation. The district court denied the motion. In his notice of appeal, Villa

2

stated his intention to challenge the court's decision to revoke his probation, the court's decision to deny his motion to reconsider, and all adverse rulings in both cases.

ANALYSIS

*Jurisdiction*

The determination of jurisdiction involves a question of law over which this court's scope of review is unlimited. *State v. Barlow*, 303 Kan. 804, 807-08, 368 P.3d 331 (2016).

The State argues this court lacks jurisdiction to entertain Villa's appeal because he failed to appeal the revocation of his probation within 14 days of the district court's judgment imposing his underlying sentence. See K.S.A. 2013 Supp. 22-3608(c). The State acknowledges that Villa filed a motion asking the court to reconsider revoking his probation on November 30, 2014, which was 12 days after his sentence was pronounced. But the State contends there is no rule of criminal procedure authorizing a defendant to file a motion to reconsider in a criminal case, and, even if there was, the district court had no jurisdiction to entertain a motion requesting reconsideration because a district court loses jurisdiction to modify a sentence once pronounced from the bench. See *State v. Hall*, 298 Kan. 978, 983, 319 P.3d 506 (2014). The State insists that this court may not exercise jurisdiction over the district court's decision to deny Villa's motion to reconsider because the district court should not have heard that matter in the first place.

The State's argument is without merit. The district court entered a judgment denying Villa's motion to reconsider, concluding that it was "still satisfied that the State met the burden of proof on the Motion to Revoke Probation." This court has jurisdiction to hear an appeal of any judgment against the defendant. K.S.A. 2016 Supp. 22-3602(a) states, in relevant part:

3

"Except as otherwise provided, an appeal to the appellate court having jurisdiction of the appeal may be taken by the defendant as a matter of right from any judgment against the defendant in the district court and upon appeal any decision of the district court or intermediate order made in the progress of the case may be reviewed."

Pursuant to this statute, we have jurisdiction to entertain Villa's appeal from the district court's order denying Villa's motion to reconsider. Although Villa concedes in his brief that he no longer is challenging the decision by the district court to revoke his probation, he argues for the first time on appeal that his sentence is illegal under K.S.A. 2016 Supp. 21-6810(d)(3)(B). The State acknowledges that an illegal sentence may be corrected at any time. K.S.A. 22-3504(1). "The policy behind the law is clear as well. People serving sentences deserve answers to questions about the legality of their sentences." *Parker v. State*, No. 115,267, 2017 WL 947821, at \*3 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* May 4, 2017. Although it deviates from the ordinary procedural path for cases winding their way through the appeals process, we do have jurisdiction to consider Villa's claim of illegal sentence on appeal because (1) Villa timely filed and perfected his appeal and (2) this court may review a claim of illegal sentence at any time.

*Retroactivity*

The question presented is whether Villa's sentences—both of which were imposed under prior versions of K.S.A. 21-6810(d)(3)(B)—are now illegal based on an amendment to the statute in 2016 that, if applied retroactively, would no longer consider Villa's prior juvenile adjudications to be person felonies in calculating criminal history.

Whether a sentence is illegal is a question of law over which an appellate court has unlimited review. *State v. Moncla*, 301 Kan. 549, 551, 343 P.3d 1161 (2015). Our Supreme Court has defined "illegal sentence" under K.S.A. 22-3504 as:

4

"(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served." 301 Kan. at 551.

Villa's underlying offenses occurred in January 2014 and June 2014. At that time, K.S.A. 2013 Supp. 21-6810(d)(3)(B) stated, in relevant part:

"(d) Except as provided in K.S.A. 2013 Supp. 21-6815, and amendments thereto, the following are applicable to determining an offender's criminal history classification:

. . . .

"(3) There will be no decay factor applicable for:

. . . .

"(B) a juvenile adjudication for an offense which would constitute a person felony if committed by an adult."

"Decay factor" means that the offense is not considered in determining the offender's criminal history score. K.S.A. 2016 Supp. 21-6803(e); *State v. Smith*, 49 Kan. App. 2d 88, 90, 304 P.3d 359 (2013).

Under the version of K.S.A. 21-6810(d)(3)(B) in effect when Villa committed the current crimes of conviction, his prior juvenile adjudication for severity level 5 aggravated battery did not decay, and therefore was used to calculate Villa's criminal history because the aggravated battery offense would have constituted a person felony if committed by an adult. See K.S.A. 2013 Supp. 21-5413(g)(2). Villa agrees the district court properly considered his prior juvenile adjudication to calculate his criminal history score based on the version of the statute that existed at the time. Instead, he argues the 2016 amendments to K.S.A. 21-6810(d)(3)(B) specifically exclude his severity level 5 aggravated battery from the list of prior juvenile adjudications that are required to be

5

considered in calculating criminal history, and that those amendments apply retroactively to his case.

Significantly, the legislature amended K.S.A. 21-6810 twice since Villa was originally sentenced. First, in 2015, House Bill 2053 amended the statute in response to *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *overruled by State v. Keel*, 302 Kan. 560, Syl. ¶ 9, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016). *Murdock* held that in classifying an offender's prior out-of-state crimes for criminal history purposes, courts must look to comparable Kansas offenses as of the date the out-of-state offenses were committed. 299 Kan. at 317. But because Kansas had no person/nonperson designation prior to the enactment of the Kansas Sentencing Guidelines Act in 1993, the statute required all pre-1993 out-of-state crimes to be treated as nonperson felonies. 299 Kan. at 319. The legislature amended K.S.A. 21-6810 in 2015 in response to *Murdock*, clarifying that prior adult felony convictions or juvenile adjudications "shall be scored as person or nonperson crime[s] using a comparable offense under the Kansas criminal code in effect on the date the current crime of conviction was committed." L. 2015, ch. 5, sec. 1. House Bill 2053 also added a new subsection (e) to K.S.A. 21-6810, which stated: "The amendments made to this section by this act are procedural in nature and shall be construed and applied retroactively." L. 2015, ch. 5, sec. 1. The retroactivity provision was essential in House Bill 2053 due to the significant number of postconviction challenges to criminal sentences the courts would face if no retroactivity provision clarified that the provision was procedural in nature.

Second, the Kansas Legislature amended K.S.A. 21-6810 again in 2016, in House Bill 2463. L. 2016, ch. 97, sec. 1. With an effective date of July 1, 2016, the amended statute changed the following relevant language (identified in italics):

"(d) Except as provided in K.S.A. 2016 Supp. 21-6815, and amendments thereto, the following are applicable to determining an offender's criminal history classification:

6

. . . .

"(3) There will be no decay factor applicable for:

"(A) Adult convictions;

"(B) a juvenile adjudication for an offense which would constitute a *nondrug severity level 1 through 4* person felony if committed by an adult. Prior juvenile adjudications for offenses that were committed before July 1, 1993, shall be scored as a person or nonperson crime using a comparable offense under the Kansas criminal code in effect on the date the current crime of conviction was committed;

"(C) a juvenile adjudication for an offense committed before July 1, 1993, which would have been a class A, B or C felony, if committed by an adult; or

"(D) a juvenile adjudication for an offense committed after July 1, 1993, which would be an off-grid felony, a nondrug severity level 1.

. . . .

(e) The amendments made to this section by this act are procedural in nature and shall be construed and applied retroactively." L. 2016 ch. 97, sec. 1.

Thus, the 2016 amendments to K.S.A. 21-6810(d)(3)(B) limit juvenile adjudications that do not decay to only those offenses that would constitute a nondrug severity level 1 through 4 person felony if committed by an adult. Because his prior juvenile adjudication for severity level 5 aggravated battery does not fall within that category, Villa argues it decays under the amended version of the statute and his criminal history is downgraded from C to E. The success of Villa's argument depends on whether the 2016 amendments to K.S.A. 21-6810(d)(3)(B) apply retroactively, which in turn requires us to interpret the statute. "Interpretation of a sentencing statute is a question of law and the appellate court's standard of review is unlimited." *State v. Riojas*, 288 Kan. 379, Syl. ¶ 7, 204 P.3d 578 (2009). The fundamental rule in statutory interpretation is to give effect to the legislative intent as it is expressed in the statute. When a statute is clear and unambiguous, this court must apply the statute's intent as expressed in the plain language. *State v. Williams*, 298 Kan. 1075, 1079, 319 P.3d 528 (2014).

7

Criminal statutes and penalties in effect at the time of a criminal offense are controlling, except where the legislature has given retroactive effect to statutory changes made after the commission of the crime. *State v. Denney*, 278 Kan. 643, 646, 101 P.3d 1257 (2004); *State v. Van Cleave*, 239 Kan. 117, 122, 716 P.2d 580 (1986). Generally, a statute operates prospectively unless: (1) the statutory language clearly indicates the legislature intended the statute to operate retroactively or (2) the change is procedural or remedial in nature and does not prejudicially affect the substantive rights of the parties. See *State v. Bernhardt*, 304 Kan. 460, 479, 372 P.3d 1161 (2016). Substantive laws define criminal acts and prescribe punishments. Procedural laws provide or regulate the steps by which a defendant is tried and punished. *Tonge v. Werholtz*, 279 Kan. 481, 487, 109 P.3d 1140 (2005). Penalty provisions for a criminal offense are substantive, not procedural law. *State v. Martin*, 270 Kan. 603, 608, 17 P.3d 344 (2001). Therefore, K.S.A. 2016 Supp. 21-6810(d)(3)(B) operates retroactively only if the statute expresses a clear legislative intent to do so.

As Villa points out, the 2016 amendments left unchanged K.S.A. 21-6810(e), which states: "The amendments made to this section by this act are procedural in nature and shall be construed and applied retroactively." Villa contends that "the legislature seems to have made a conscious decision not to limit K.S.A. 21-6810(e)'s retroactivity provision to its *Murdock* fix amendments."

But unlike the 2015 amendment in House Bill 2053, the 2016 amendments in House Bill 2463 made no similar provision for retroactive application. Contrary to Villa's argument, the plain language of subsection (e) expressly states that the amendments made under "this act" are retroactive. The act to which that provision refers is House Bill 2053, which is "[a]n act concerning crimes, punishment and criminal procedure; relating to calculation of criminal history; amending K.S.A. 2014 Supp. 21-6810 and 21-6811 and repealing the existing sections." L. 2015, ch. 5, sec. 1. If the legislature had intended for

8

subsection (e) to apply to all further amendments to the statute, it could have stated that intent; the legislature frequently applies a rule to a statute "and amendments thereto."

Another panel of this court recently addressed this issue and held that subsection (e) was not retroactive for the following reasons:

> "If the legislature intended the decay provisions to operate retroactively, then it would have used more specific language. It did not do so and it is not clear that such a broad policy change was intended. The State complains that if the 2016 amendments to K.S.A. 21-6810 are applied retroactively, 'untold numbers of offenders' will be entitled to a recalculation of their criminal history score. Indeed, if we applied the 2016 amendments retroactively, it would entitle anyone serving a sentence based on a criminal history score that included certain juvenile adjudications to be resentenced.

> "We note that the legislature in the past has made some sentencing statutes retroactive by use of express language. The limited retroactivity language in K.S.A. 21-4723 (Furse 1995) and K.S.A. 21-4724(b) (Furse 1995) provided for conversion of preSentencing Guidelines Act sentences to Guideline sentences in express and limited situations. Only sentences for nondrug crimes that would have been classified as severity level 5 or 6, and for drug crimes that would have been classified as severity level 3 if the person had been sentenced under the Act, were eligible for conversion. The Department of Corrections was directed to prepare a sentencing guidelines report on imprisoned inmates with pre-July 1, 1993, sentences, except those with convictions for nondrug severity level 1-4 felonies and drug severity level 1-3 felonies, but including those in grid blocks 3-H or 3-I of the drug grid. See *State v. Jeffries*, 304 Kan. 748, 752-53, 375 P.3d 316 (2016). The statute provided a specific timetable and procedure for sentence conversion. See *State v. Roseborough*, 263 Kan. 378, 384, 951 P.2d 532 (1997).

> "The legislature knew that enactment of determinative sentences, replacing indeterminate sentences, was a massive undertaking affecting virtually all prisoners. Thus, it created a mechanism to undertake the task. There is no such provision under these 2016 amendments. We are convinced by the lack of any clear expression that the 2016 amendments are retroactive that the district court's view was correct." *Parker*, 2017 WL 947821, at *4.

We find the court's reasoning in *Parker* to be consistent with our analysis. Accordingly, we find the 2016 amendments to K.S.A. 21-6810(d)(3)(B) do not apply retroactively to Villa, which renders his claim of illegal sentence to be without merit.

Affirmed.