NOT DESIGNATED FOR PUBLICATION

Nos. 115,585
116,874

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RONNELL COPPAGE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; MICHAEL GROSKO, judge. Opinion filed May 3, 2019. Affirmed.

*J. Zachary Anthony*, of Kansas City, for appellant.

*Ronnell Coppage*, appellant pro se.

*Christopher L. Schneider*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., BUSER and ATCHESON, JJ.

PER CURIAM: Ronnell Coppage appeals the district court's denial of his motions to correct an illegal sentence and its summary denial of his fourth K.S.A. 60-1507 motion. In this consolidated appeal, Coppage contends his juvenile adjudication for aggravated assault was improperly classified as a person felony in his criminal history. Next, Coppage argues the district court should have held an evidentiary hearing on his K.S.A. 60-1507 motion. Upon our review, we find the district court did not err by summarily

1

denying Coppage's motions to correct an illegal sentence and his K.S.A. 60-1507 motion. Accordingly, we affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In 1997, the State charged Coppage with attempted first-degree murder or, in the alternative, aggravated assault of a law enforcement officer, criminal damage to property, and criminal possession of a firearm.

During the jury trial, the district court held an instructions conference and gave the parties an opportunity to object to the proposed jury instructions. Other than a typographical error, Coppage did not object to any instructions or request any additional instructions. The State then questioned whether the district court should give lesser included instructions on the alternative charges of attempted first-degree murder and aggravated assault of a law enforcement officer. The district court asked Coppage's counsel if he wanted instructions on any lesser included offenses of attempted first-degree murder. Coppage's counsel responded that he and his client had discussed the issue of lesser included offenses and decided they would not be appropriate under the circumstances. Counsel advised the district court, "[W]e would waive any request for instructions on lesser included instructions."

After Coppage's waiver, the district court instructed the jury on the alternative charges of attempted first-degree murder and aggravated assault of a law enforcement officer without including any lesser included offense instructions. The jury convicted Coppage of attempted first-degree murder, criminal damage to property, and criminal possession of a firearm.

A presentence investigation (PSI) report found that Coppage's criminal history included three prior person felonies—all of which occurred in Kansas. One of the person

2

felonies was a juvenile adjudication for aggravated assault. At sentencing, the district court determined that Coppage had a criminal history score of A and sentenced him to 740 months in prison.

Coppage filed a direct appeal. In this appeal, he contended the State improperly exercised peremptory challenges based on race and failed to present sufficient evidence to support his attempted first-degree murder conviction. Our court affirmed Coppage's conviction in *State v. Coppage*, No. 80,540, unpublished opinion filed June 11, 1999, slip op. at 7 (Kan. App.).

After his direct appeal, Coppage filed several motions collaterally attacking his convictions. Coppage filed his first K.S.A. 60-1507 motion in 2000. In this motion Coppage asserted that his trial counsel was ineffective when advising him about a plea offer and by waiving instructions on lesser included offenses. In particular, Coppage argued that his counsel should have requested lesser included instructions for attempted second-degree murder and attempted aggravated battery against a law enforcement officer. The district court denied the motion, and our court affirmed in *Coppage v. State*, No. 87,191, unpublished opinion filed February 7, 2003, slip op. at 5 (Kan. App.).

In 2003, Coppage filed his second K.S.A. 60-1507 motion, claiming that aggravated assault on a law enforcement officer was a more specific offense than attempted first-degree murder, and that his trial and appellate counsel were ineffective for failing to raise this issue. The district court denied the motion on the merits, and our court affirmed. *Coppage v. State*, No. 94,468, 2006 WL 1816394, at *5 (Kan. App. 2006) (unpublished opinion).

In 2007, Coppage filed a federal habeas corpus petition. The United States District Court of Kansas denied this petition as time-barred. *Coppage v. McKune*, No. 07-3024-

3

SAC, 2008 WL 489304, at *2-3 (D. Kan. 2008) (unpublished opinion). The Tenth Circuit dismissed the appeal in *Coppage v. McKune*, 534 F.3d 1279, 1281-82 (10th Cir. 2008).

In 2010, Coppage filed his third K.S.A. 60-1507 motion, contending the State committed prosecutorial misconduct during trial by misstating Kansas law on premeditation. The district court summarily denied this third K.S.A. 60-1507 motion as successive, untimely, and without merit. Our court affirmed in *Coppage v. State*, No. 105,575, 2012 WL 1649877, at *5 (Kan. App. 2012) (unpublished opinion).

After our Supreme Court denied review of the latest K.S.A. 60-1507 motion, Coppage filed several motions that are the subject of this appeal. Between 2014 and 2016, Coppage filed numerous pro se motions to correct an illegal sentence. In these motions, Coppage argued that the district court should have classified his juvenile adjudication for aggravated assault as a nonperson felony under *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *overruled by State v. Keel*, 302 Kan. 560, 375 P.3d 251 (2015). The district court denied the motions to correct an illegal sentence, finding that *Murdock* had been overruled and the case's holding would not have applied to this case.

In addition to his motions to correct an illegal sentence, Coppage filed a fourth K.S.A. 60-1507 motion on July 31, 2015. He alleged the district court committed reversible error by failing to instruct the jury on lesser included offenses of attempted first-degree murder. Although Coppage raised other arguments in this motion, he does not pursue those arguments on appeal. The district court summarily denied this fourth K.S.A. 60-1507 motion because it was untimely and successive.

In this consolidated appeal, Coppage challenges the district court's denial of his motions to correct an illegal sentence and his latest K.S.A. 60-1507 motion.

4

Coppage contends the district court erred by summarily denying his motions to correct an illegal sentence. He posits two arguments. First, he asserts that for criminal history purposes, his juvenile adjudication for aggravated assault should be reclassified as a nonperson felony under *Murdock*. Second, Coppage claims the district court should resentence him without considering his juvenile adjudication because it decayed under the current law. We consider these arguments in order.

"Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review." *State v. Fisher*, 304 Kan. 242, 263, 373 P.3d 781 (2016). Additionally, we exercise unlimited review when determining whether a prior conviction or juvenile adjudication is properly classified as a person or nonperson offense under the Kansas Sentencing Guidelines Act (KSGA). See *State v. Luarks*, 302 Kan. 972, 976, 360 P.3d 418 (2015).

Coppage's argument that his juvenile adjudication for aggravated assault should be reclassified as a nonperson felony under *Murdock* is not persuasive. In *Murdock,* our Supreme Court held that a defendant's pre-KSGA *out-of-state* convictions should be classified as nonperson offenses when calculating that defendant's criminal history. 299 Kan. 312, Syl. ¶ 5. But the holding in *Murdock* would not have applied to Coppage because his prior juvenile adjudication for aggravated assault was a Kansas adjudication. See *State v. Waggoner*, 51 Kan. App. 2d 144, Syl. ¶¶ 1, 3, 343 P.3d 530 (2015). And, more importantly, the holding in *Murdock* was short-lived because our Supreme Court overruled *Murdock* in *Keel*, 302 Kan. 560, Syl. ¶ 9. We find no error.

Next, the 2016 statutory amendments to the juvenile decay rules do not require resentencing for Coppage's 1997 convictions or otherwise render his sentence illegal. Coppage's argument relates to the decay of juvenile adjudications under K.S.A. 2018

Supp. 21-6810. A juvenile adjudication that decays does not count as a prior conviction in a defendant's criminal history. K.S.A. 2018 Supp. 21-6803(e); *State v. Smith*, 49 Kan. App. 2d 88, 90, 304 P.3d 359 (2013).

The statute in effect when Coppage committed the 1997 crimes provided that a prior juvenile adjudication for a crime which would have been a person felony if committed by an adult did not decay. K.S.A. 21-4710(d)(4) (Furse 1995). However, in 2016 the Kansas Legislature amended the relevant statute, now codified at K.S.A. 21-6810, to expand the scope of juvenile adjudications subject to decay. L. 2016, ch. 97, § 1. The statute currently provides that a pre-KSGA juvenile adjudication which would have been a class D or E felony decays if the current crime is committed after the offender reaches the age of 25. K.S.A 2018 Supp. 21-6810(d)(4)(A).

In this case, Coppage's juvenile adjudication was for aggravated assault, a crime classified as a class D felony if committed by an adult. K.S.A. 21-3410 (Ensley 1981). Although aggravated assault constituted a person felony when Coppage committed his 1997 crimes, his juvenile adjudication did not decay under the sentencing statutes in effect when he committed those crimes. K.S.A. 21-4710(d)(4) (Furse 1995).

Although the 2016 amendments did not become effective until after Coppage committed his crimes and was sentenced, he contends the current version of K.S.A. 21-6810 applies retroactively and renders his sentence illegal. But our court has repeatedly rejected Coppage's argument and held that the 2016 statutory amendments to the juvenile decay rules in K.S.A. 21-6810(d) do *not* apply retroactively. See, e.g., *State v. Maples*, No. 116,366, 2018 WL 1127568, at *9-11 (Kan. App.) (unpublished opinion), *rev. denied* 308 Kan. 1599 (2018); *State v. Anhorn*, No. 116,655, 2017 WL 4848183, at *2 (Kan. App. 2017) (unpublished opinion), *rev. denied* 308 Kan. 1596 (2018); *Parker v. State*, No. 115,267, 2017 WL 947821, at *3 (Kan. App. 2017) (unpublished opinion), *rev.*

6

*denied* 308 Kan. 1595 (2018). The reasoning in these cases is persuasive and we adopt their legal conclusion.

"[T]he crime and penalty in existence at the time of the offense are controlling unless the legislature has given retroactive effect to any statutory changes made subsequent to the time of the commission of the crime. [Citations omitted.]" *State v. Van Cleave*, 239 Kan. 117, 122, 716 P.2d 580 (1986). A statute operates prospectively unless (1) the statutory language clearly indicates the Legislature intended the statute to operate retroactively; or (2) the change is procedural or remedial in nature and does not affect the substantive rights of the parties. *State v. Bernhardt*, 304 Kan. 460, 479, 372 P.3d 1161 (2016).

Penalty provisions are substantive because they affect the length of a defendant's sentence. See *State v. Reese*, 300 Kan. 650, 653-54, 333 P.3d 149 (2014); *State v. Martin*, 270 Kan. 603, 608-09, 17 P.3d 344 (2001). As a result, the 2016 amendments to K.S.A. 21-6810 can only be retroactive if the statutory language clearly indicates the Legislature intended the statute to operate retroactively. And, as our court has consistently held, the Legislature included no clear language suggesting it intended the 2016 amendments to the statute to operate retroactively. See *State v. Churchill*, No. 118,821, 2019 WL 1087352, at *4 (Kan. App.) (unpublished opinion), *petition for rev. filed* April 8, 2019. Accordingly, the 2016 statutory amendments to the juvenile decay rules do not apply retroactively to Coppage's case.

Coppage's prior juvenile adjudication for aggravated assault did not decay and the district court properly classified it as a person felony for criminal history purposes in sentencing Coppage for his 1997 crimes. The district court did not err by summarily denying Coppage's motions to correct an illegal sentence.

7

SUMMARY DENIAL OF FOURTH K.S.A. 60-1507 MOTION

When considering a K.S.A. 60-1507 motion, a district court has three options:

"'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citation omitted.]" *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

Our standard of review depends on which of these options the district court selected. When, as here, the district court summarily denies a K.S.A. 60-1507 motion, our standard of review is de novo. As a result, we must determine whether the motion, files, and records of the case conclusively show that the movant is entitled to no relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

Coppage contends the district court erred by denying his most recent K.S.A. 60-1507 motion. The State responds that Coppage failed to prove exceptional circumstances justifying his successive K.S.A. 60-1507 motion. The State also argues Coppage failed to show manifest injustice that would excuse the late filing of his motion.

A person subject to a criminal sentence may challenge the legal sufficiency of that punishment through a K.S.A. 60-1507 motion after exhausting appeals in the direct criminal case. K.S.A. 2018 Supp. 60-1507(a). To avoid the summary denial of a K.S.A. 60-1507 motion, the movant bears the burden of establishing entitlement to an evidentiary hearing. *Sola-Morales*, 300 Kan. at 881.

*Successive K.S.A. 60-1507 Motion*

In a K.S.A. 60-1507 proceeding, the district court need not entertain a second or successive motion for similar relief on behalf of the same prisoner. *State v. Trotter*, 296 Kan. 898, 904, 295 P.3d 1039 (2013) (citing K.S.A. 60-1507[c]). "A movant in a K.S.A. 60-1507 motion is presumed to have listed all grounds for relief, and a subsequent motion need not be considered in the absence of a showing of circumstances justifying the original failure to list a ground." 296 Kan. 898, Syl. ¶ 2. Additionally, a K.S.A. 60-1507 motion may not typically be used as a substitute for a direct appeal or for a second appeal. *State v. Kelly*, 291 Kan. 868, 872, 248 P.3d 1282 (2011).

Because Coppage filed three prior postconviction motions for relief under K.S.A. 60-1507, his current K.S.A. 60-1507 motion is successive. This is significant because courts may dismiss a successive K.S.A. 60-1507 motion as an abuse of the remedy. To prevent dismissal of a successive motion, a movant must establish exceptional circumstances. *State v. Mitchell*, 284 Kan. 374, 379, 162 P.3d 18 (2007). "Exceptional circumstances are unusual events or intervening changes in the law that prevented the defendant from raising the issue in a preceding [K.S.A.] 60-1507 motion." 284 Kan. at 379.

In his current K.S.A. 60-1507 motion, Coppage claims his convictions should be reversed because the district court failed to instruct the jury on lesser included offenses of attempted first-degree murder during his jury trial. Specifically, Coppage claims the district court should have instructed the jury on attempted aggravated battery of a law enforcement officer. Coppage argues that exceptional circumstances exist to support consideration of his successive motion because his counsel on direct appeal was constitutionally ineffective for failing to raise this argument.

However, Coppage provides no unusual events or intervening changes in the law as an excuse for why he could not have raised his current claims in his three prior K.S.A. 60-1507 motions. In fact, in his first K.S.A. 60-1507 motion filed in 2000, Coppage raised a similar argument and alleged his trial counsel was constitutionally ineffective for waiving lesser included instructions. Our court considered the merits of the argument and disagreed. We determined that "lesser included offenses were not in accord with Coppage's theory of defense, and [his counsel's] rejection of the instruction[s] was proper under these facts." *Coppage*, No. 87,191, slip op. at 5. On this record, Coppage fails to show any exceptional circumstances to justify consideration of his fourth K.S.A. 60-1507 motion. The district court did not err by summarily dismissing this motion as successive.

*Untimely K.S.A. 60-1507 Motion*

In addition to being successive, Coppage's fourth K.S.A. 60-1507 motion is untimely. In 2003, our Legislature limited the timeframe in which a prisoner may file a K.S.A. 60-1507 motion to one year from the completion of any direct appeal. See L. 2003, ch. 65, § 1, now codified at K.S.A. 2018 Supp. 60-1507(f)(1). Prisoners who had claims preexisting the 2003 statutory amendment had until June 30, 2004, to file a K.S.A. 60-1507 motion. See *Pabst v. State*, 287 Kan. 1, 22, 192 P.3d 630 (2008).

Since Coppage's claims preexisted the 2003 amendments, he had until June 30, 2004, to file any K.S.A. 60-1507 motion. Coppage's current motion is untimely because he missed that deadline by more than 10 years.

A district court may extend the one-year time limitation and review an untimely motion only to prevent a manifest injustice. K.S.A. 2018 Supp. 60-1507(f)(2). Manifest injustice means "obviously unfair" or "shocking to the conscience" and must be determined from the totality of the circumstances, meaning that no single factor is dispositive. *Vontress v. State*, 299 Kan. 607, 614, 616, 325 P.3d 1114 (2014).

A defendant who files a motion under K.S.A. 60-1507 beyond the time limitation in K.S.A. 60-1507(f) and fails to affirmatively assert manifest injustice is procedurally barred from maintaining the action. *Trotter*, 296 Kan. at 905. Although Coppage's motion is untimely, he failed to affirmatively assert manifest injustice in the district court or on appeal. Accordingly, Coppage is procedurally barred from maintaining his fourth K.S.A. 60-1507 motion.

But even if Coppage asserted manifest injustice, we would not find it is present in this case. In deciding whether manifest injustice exists, our Supreme Court has articulated a nonexhaustive list of factors to consider:  (1) whether the movant provides persuasive reasons or circumstances that prevented him or her from filing the motion within the time limitation; (2) whether the merits of the movant's claims raise substantial issues of law or fact deserving the district court's consideration; and (3) whether the movant sets forth a colorable claim of actual innocence, i.e., factual, not legal, innocence. *Vontress*, 299 Kan. 607, Syl. ¶ 8.

After *Vontress*, the Legislature amended K.S.A. 60-1507(f), which effectively eliminates consideration of the second *Vontress* factor. See L. 2016, ch. 58, § 2; *White v. State*, 308 Kan. 491, 496-97, 421 P.3d 718 (2018). But movants who filed their K.S.A. 60-1507 motions before July 1, 2016, have a vested right to argue under the *Vontress* test, including the second factor or any other factor that could establish manifest injustice. 308 Kan. at 502-03. Because Coppage filed his motion before July 1, 2016, we apply the *Vontress* factors to determine whether he established manifest injustice to justify review of his untimely motion.

After applying the *Vontress* factors to the facts of this case, we are convinced that Coppage failed to establish manifest injustice. First, Coppage provides no reason or circumstance which prevented him from filing his current motion within the time limitation. Second, the merits of Coppage's claims fail to raise substantial issues of law or

11

fact. As previously determined by our court in ruling on the appeal of Coppage's first K.S.A. 60-1507 motion, the district court did not err by failing to instruct on lesser included offenses because Coppage expressly waived any such instructions during the trial based on trial strategy. *Coppage*, No. 87,191, slip op. at 5; see also *State v. Jones*, 295 Kan. 804, 812-13, 286 P.3d 562 (2012) (explaining that the invited error doctrine will override a defendant's statutory right to request jury instructions on lesser included offenses). Third, Coppage's claims fail to present a colorable claim of actual innocence. Under the totality of the circumstances, Coppage fails to show manifest injustice excusing his untimely K.S.A. 60-1507 motion.

The motion, files, and records of this case conclusively show that Coppage is not entitled to any relief because his K.S.A. 50-1507 motion is time-barred and successive. Accordingly, the district court did not err by summarily denying the motion.

Affirmed.