NOT DESIGNATED FOR PUBLICATION

No. 118,460

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

KENNETH HARTFIELD,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; J. PATRICK WALTERS, judge. Opinion filed November 30, 2018. Affirmed.

*Angela M. Davidson*, of Davidson Appellate Law, of Lawrence, for appellant, and *Kenneth Hartfield*, appellant pro se.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., PIERRON, J., and BURGESS, S.J.

PER CURIAM: This is Kenneth Hartfield's fifth appeal to our court following his convictions of several sex crimes in 1997. In this appeal, Hartfield claims the district court erred in denying his K.S.A. 60-1507 motion without an evidentiary hearing. The district court found that Hartfield's motion was untimely and successive. On appeal, Hartfield argues that the district court's findings are insufficient for meaningful appellate review and that his actual innocence establishes manifest injustice to excuse the untimely filing. We disagree and affirm the district court's judgment.

1

FACTUAL AND PROCEDURAL BACKGROUND

In 1997, a Sedgwick County jury convicted Hartfield of one count of aggravated kidnapping, two counts of aggravated criminal sodomy, and two counts of rape. The district court sentenced Hartfield to a 360-month prison term. This court affirmed Hartfield's convictions and sentences in *State v. Hartfield*, No. 80,642, unpublished opinion filed November 19, 1999, *rev. denied* February 11, 2000 (*Hartfield I*). At trial, the victim recanted her initial accusations that Hartfield committed these crimes. Even so, this court found sufficient evidence to support the convictions based on the victim's initial allegations admitted through the testimony of law enforcement, her mother, and medical personnel; physical evidence; and bodily injuries. This court also found that Hartfield failed to establish that judicial misconduct deprived him of a fair trial.

On February 8, 2001, Hartfield filed a K.S.A. 60-1507 motion, claiming ineffective assistance of counsel. The district court denied the motion, and this court affirmed in *Hartfield v. State*, No. 87,722, unpublished opinion filed December 20, 2002, *rev. denied* 275 Kan. 964 (2003) (*Hartfield II*). In affirming the district court's judgment, this court rejected Hartfield's assertion that officers' reports and testimony were inconsistent with one another, and this court pointed out that trial counsel questioned the officers about the alleged inconsistencies. Slip op. at 8.

In 2005, Hartfield filed a pro se motion for arrest of judgment, arguing that the charging document leading to his convictions was fatally defective. The district court summarily denied relief, and this court affirmed in *State v. Hartfield*, No. 96,038, 2007 WL 959626 (Kan. App. 2007) (unpublished opinion), *rev. denied* 284 Kan. 948 (2007) (*Hartfield III*). In affirming the district court's judgment, this court found that Hartfield's motion for arrest of judgment was untimely. 2007 WL 959626, at *1. Alternatively, this court construed Hartfield's motion as an ineffective assistance of counsel claim, but this

2

court found that the motion was untimely and successive, as well as meritless, because the charging document was not defective. 2007 WL 959626, at *2.

In 2008, Hartfield filed another K.S.A. 60-1507 motion. In that motion, he alleged that the district court was unconstitutionally impartial to him and that the court failed to read the instructions to the jury. He also alleged that he was provided incomplete transcripts of his trial and posttrial motions, precluding meaningful appellate review. The district court summarily denied the motion. On appeal, this court declined to review the merits of these claims because Hartfield's motion was untimely and successive. This court held that Hartfield failed to show manifest injustice because he provided no reason that he could not have filed his motion within the one-year limit, and he failed to assert any exceptional circumstances to justify the successive motion. *Hartfield v. State*, No. 103,856, 2011 WL 2793914, at *2-3 (Kan. App.) (unpublished opinion), *rev. denied* 293 Kan. 1106 (2011) (*Hartfield IV*).

On March 27, 2016, Hartfield filed another K.S.A. 60-1507 motion, the subject of this appeal. In the motion, Hartfield argued that his trial counsel, direct appellate counsel, and his postconviction counsel all provided ineffective assistance of counsel. He also argued that the district judge presiding over his trial violated the judicial code of conduct. In a supplemental memorandum, Hartfield also alleged that law enforcement officers testified falsely at his trial. To try to circumvent the untimeliness and successiveness of his motion, Hartfield asserted that he presented a colorable claim of actual innocence.

On December 2, 2016, the district court held a preliminary hearing to determine whether any issues in Hartfield's motion required an evidentiary hearing. Hartfield's counsel argued from the motion and memorandum and also asserted that Hartfield had favorably settled a civil lawsuit against the victim for filing a false police report. The State argued that Hartfield's motion should be denied as untimely and successive. The district court took the matter under advisement.

On January 9, 2017, the district court denied Hartfield's motion with a journal entry that stated: "Court reviewed written briefs and oral arguments of counsel and finds that petitioner's motion is untimely and successive and petitioner is not entitled to relief requested." Hartfield filed a motion to alter or amend the judgment, but the district court denied that motion on June 23, 2017. Hartfield timely filed a notice of appeal.

ANALYSIS

On appeal, Hartfield claims the district court erred by denying his motion without an evidentiary hearing. Hartfield first asserts that the district court made insufficient findings of fact and conclusions of law to comply with Supreme Court Rule 183(j) (2018 Kan. S. Ct. R. 223). Hartfield asserts that the district court should have granted an evidentiary hearing because the motion, files, and records of the case do not conclusively establish that he is not entitled to relief. As to the untimeliness of the motion, Hartfield asserts that his actual innocence establishes manifest injustice to allow for a hearing on the motion. Hartfield filed a pro se supplemental brief that also seeks to assert a colorable claim of actual innocence. The State asserts that the district court properly denied Hartfield's untimely and successive motion because he failed to show manifest injustice or exceptional circumstances to justify an evidentiary hearing.

A district court has three options when handling a K.S.A. 2017 Supp. 60-1507 motion:

> "'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented

4

requiring a full hearing.' [Citation omitted.]" *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

An appellate court's standard of review depends on which of these options a district court uses. When, as here, the district court denies a K.S.A. 60-1507 motion based only on the motion, files, and records after a preliminary hearing, the appellate court is in just as good a position as the district court to consider the merits, so the standard of review is de novo. *Grossman v. State*, 300 Kan. 1058, 1061, 337 P.3d 687 (2014).

Hartfield first argues that the district court made insufficient findings of fact and conclusions of law as required by Supreme Court Rule 183(j). In his supplemental pro se brief, Hartfield echoes his counsel's claims of insufficient findings. The State answers that the district court complied with the rule and points out that Hartfield failed to object in district court to the adequacy of the court's findings.

"The court must make findings of fact and conclusions of law on all issues presented." Supreme Court Rule 183(j) (2018 Kan. S. Ct. R. 225). This rule requires the district court to make findings of fact and conclusions of law on all issues presented in a K.S.A. 60-1507 motion. See *Bellamy v. State*, 285 Kan. 346, 354, 172 P.3d 10 (2007). If, taken together, the district court's findings and conclusions in the journal entry are sufficient for an appellate court to discuss and act on the movant's arguments, then remand is unnecessary. Whether the district court's findings of fact and conclusions of law comply with this rule is a question of law that is reviewed de novo. *Robertson v. State*, 288 Kan. 217, 232-33, 201 P.3d 691 (2009).

As the State points out, Hartfield failed to object in district court to the adequacy of the court's findings. Without such an objection, this court must presume the district court found all the facts needed to support its legal conclusions that the motion was

untimely and successive and that Hartfield is not entitled to the relief requested. See *Gilkey v. State*, 31 Kan. App. 2d 77, 77-78, 60 P.3d 351 (2003).

We also agree with the State that the district court's findings are adequate to allow for meaningful appellate review. Granted, the district court's journal entry was brief and found only that "petitioner's motion is untimely and successive and petitioner is not entitled to relief requested." But these findings mean that the district court rejected Hartfield's motion on procedural grounds, i.e., it was untimely and successive. Based on these findings, the district court was not required or expected to make additional findings on the claimed merits of Hartfield's motion. Thus, we reject Hartfield's assertion that the district court's findings failed to comply with Supreme Court Rule 183(j).

Next, Hartfield claims that the district court should have considered his motion, regardless of the timeliness or succession, to prevent manifest injustice. Hartfield claims actual innocence to establish manifest injustice. He points out that the victim recanted her testimony at trial and claims the police falsified evidence. In his supplemental pro se brief, Hartfield adds that he favorably settled a civil lawsuit with the victim for filing a false police report. The State responds that Hartfield fails to show manifest injustice or exceptional circumstances to overcome his untimely and successive filing.

In a K.S.A. 60-1507 proceeding, the district court need not entertain a second or successive motion for similar relief on behalf of the same prisoner. *State v. Trotter*, 296 Kan. 898, 904, 295 P.3d 1039 (2013) (citing K.S.A. 60-1507[c]). "A movant in a K.S.A. 60-1507 motion is presumed to have listed all grounds for relief, and a subsequent motion need not be considered in the absence of a showing of circumstances justifying the original failure to list a ground." 296 Kan. 898, Syl. ¶ 2. Here, Hartfield has filed four postconviction motions for relief, and three of the motions were expressly filed under K.S.A. 60-1507. Thus, Hartfield's current motion is successive.

6

Courts may dismiss a successive K.S.A. 60-1507 motion as an abuse of remedy. To prevent dismissal of his or her successive motion, a movant must establish exceptional circumstances. *State v. Mitchell*, 284 Kan. 374, 379, 162 P.3d 18 (2007). "Exceptional circumstances are unusual events or intervening changes in the law that prevented the defendant from raising the issue in a preceding 60-1507 motion." 284 Kan. at 379.

Hartfield does not even attempt to assert any exceptional circumstances to support review of his current motion. Hartfield provides no unusual events or intervening changes in the law as an excuse for why he could not raise his current claims in his prior motions. In fact, Hartfield did raise some of his current claims in his prior motions. Given Hartfield's failure to establish exceptional circumstances, we agree with the district court's dismissal of his motion as successive.

Turning to untimeliness, in 2003 the Legislature limited the timeframe in which a prisoner may file a K.S.A. 60-1507 motion to one year from the completion of any direct appeal. See L. 2003, ch. 65, § 1, now codified at K.S.A. 2017 Supp. 60-1507(f)(1). Prisoners who had claims preexisting the 2003 statutory amendment had until June 30, 2004, to file a K.S.A. 60-1507 motion. See *Pabst v. State*, 287 Kan. 1, 22, 192 P.3d 630 (2008). As Hartfield's claims preexisted the 2003 amendments, he had until June 30, 2004, to file any K.S.A. 60-1507 motion. Hartfield's current motion is untimely as he has missed that deadline.

Still, courts may review an untimely K.S.A. 60-1507 motion, extending the one-year time limitation, to prevent manifest injustice. K.S.A. 2017 Supp. 60-1507(f)(2). Manifest injustice means "obviously unfair" or "shocking to the conscience" and must be determined from the totality of the circumstances, meaning that no single factor is dispositive. *Vontress v. State*, 299 Kan. 607, 614, 616, 325 P.3d 1114 (2014). In deciding whether manifest injustice exists, our Supreme Court has articulated a nonexhaustive list of factors: (1) whether the movant provides persuasive reasons or circumstances that

7

prevented him or her from filing the motion within the time limitation; (2) whether the merits of the movant's claims raise substantial issues of law or fact deserving the district court's consideration; and (3) whether the movant sets forth a colorable claim of actual innocence, i.e., factual, not legal, innocence. 299 Kan. 607, Syl. ¶ 8.

In 2016, the Legislature amended K.S.A. 60-1507, having the effect of eliminating the second *Vontress* factor. See *White v. State*, 308 Kan. 491, 496-97, 421 P.3d 718 (2018). But the amendments do not apply retroactively to motions filed before July 1, 2016. 308 Kan. at 502-03. Because Hartfield filed his K.S.A. 60-1507 motion on March 27, 2016, we must apply the *Vontress* factors to determine whether manifest injustice exists to allow for the consideration of the untimely motion.

In any event, the only assertion that Hartfield makes to establish manifest injustice is his claim of actual innocence. In *Beauclair v. State*, 308 Kan. 284, Syl. ¶ 1, 419 P.3d 1180 (2018), our Supreme Court held that an inmate seeking habeas relief "is entitled to consideration of the merits of the motion if the claim of actual innocence meets the standard outlined in *Murray v. Carrier*, 477 U.S. 478, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986)." The *Carrier* standard requires an inmate to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." 477 U.S. at 496. "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the *new* evidence." (Emphasis added.) *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995). Most important here, the inmate must establish actual innocence through new evidence, i.e., evidence not presented at trial. See *Beauclair*, 308 Kan. at 300-01

Hartfield presents no colorable claim of actual innocence, as all he does is rehash old evidence presented at trial. Hartfield recites many instances in which he claims that officers testified falsely at trial. This alleged false testimony stems from contradictions in testimony between officers and the victim and from contradictions in officers' testimony

8

and their reports. But the jury heard any alleged contradictions in testimony, assessed the witnesses' credibility, and apparently believed the officers at Hartfield's trial. Also, Hartfield's trial counsel questioned the officers about any inconsistences in their testimony, and this court upheld the district court's finding that Hartfield received effective assistance of counsel. *Hartfield II*, slip op. at 8.

Hartfield goes on to assert that by combining the victim's recantation with the officers' false testimony, he has shown a claim of actual innocence. But the victim recanted her initial allegations at trial, so the jury considered the recantation and there is nothing new about this evidence. Similarly, Hartfield adds in his pro se brief that the civil judgment against the victim proves his innocence. Yet the civil judgment is not based on new evidence because the jury heard about the basis of the civil judgment, i.e., the recantation of the victim's testimony, at trial. In all, Hartfield has introduced nothing new to establish a viable claim of actual innocence. Given Hartfield's failure to establish manifest injustice, we agree with the district court's dismissal of his motion as untimely.

Affirmed.