No. 96,807

STATE OF KANSAS, *Appellee*, v. ROBERT E. MITCHELL, *Appellant*.

(162 P.3d 18)

Opinion filed June 22, 2007.

*B. Joyce Yeager*, of Yeager Law Firm, L.L.C., of Overland Park, argued the cause and was on the brief for appellant.

*Steven J. Obermeier*, assistant district attorney, argued the cause, and *Paul J. Morrison*, district attorney, and *Phill Kline*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

ROSEN, J.: Robert E. Mitchell appeals the dismissal of his pro se motion to correct an illegal sentence. In 1988, Mitchell was convicted of aggravated kidnapping, aggravated burglary, rape, and two counts of aggravated sodomy. Because Mitchell had been convicted of three prior felonies, the district court sentenced him as a habitual offender pursuant to K.S.A. 21-4504(b) (Ensley 1988). The district court sentenced Mitchell to serve a term of life imprisonment for the aggravated kidnapping count; a term of 45 years to life in prison for each of the rape and aggravated sodomy counts; and a term of 15-60 years in prison for the aggravated battery count. The district court ordered the sentences for the aggravated kidnapping and aggravated battery counts to run consecutively and ordered the rape and aggravated sodomy counts to run concurrent with one another but consecutive to the sentences for aggravated kidnapping and aggravated burglary, giving Mitchell a controlling sentence of a minimum of life plus 60 years and a maximum of two life sentences plus 60 years.

This court upheld Mitchell's convictions and sentences in his direct appeal. *State v. Mitchell*, No. 62,234, unpublished opinion filed December 8, 1989. Mitchell filed a K.S.A. 60-1507 motion in August 1996, alleging ineffective assistance of counsel. Following an evidentiary hearing, the district court denied Mitchell's 60-1507 motion, and the Court of Appeals affirmed the district court's decision. *Mitchell v. State*, No. 87,218, unpublished opinion filed December 27, 2002.

On August 29, 2004, Mitchell filed a motion to correct an illegal sentence pursuant to K.S.A. 22-3504. The district court dismissed the motion without a hearing, concluding there were no substantial issues of law or fact. The district court ruled that it lacked jurisdiction to address Mitchell's claims because they did not fit the definition of an illegal sentence. The district court further concluded that it could not consider Mitchell's motion as a 60-1507 motion because it was time-barred. Mitchell filed a timely pro se notice of appeal. Mitchell's appeal was initially docketed with the Court of Appeals. However, the State filed a motion to transfer,

recognizing that the case had been misdocketed with the Court of Appeals because it involved a life sentence. The matter was then transferred to this court pursuant to K.S.A. 20-3018(c).

## ANALYSIS

Mitchell argues that his sentence is illegal because it violates his state and federal constitutional rights. Specifically, Mitchell argues that his sentences violate double jeopardy, equal protection, and the Eighth Amendment to the United States Constitution. In addition, Mitchell argues that his sentences are illegal because K.S.A. 21-4504 (Ensley 1988) does not authorize consecutive sentences. Finally, Mitchell asserts that this court has jurisdiction to address his constitutional arguments even if his sentence is not illegal by considering his motion as a K.S.A. 60-1507 motion.

Mitchell asserts that our standard of review is unlimited because an appellate court reviews constitutional issues as questions of law. While we agree that our standard of review is unlimited, we do not agree with Mitchell's reasoning. Rather, we exercise de novo review in this matter because the determination of whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law. *State v. Huff*, 277 Kan. 195, 199, 83 P.3d 206 (2004).

Pursuant to K.S.A. 22-3504(1), a defendant may file a motion to correct an illegal sentence at any time. An illegal sentence is " 'a sentence imposed by a court without jurisdiction, a sentence which does not conform to the statutory provision, either in the character or the term of the punishment authorized, or a sentence which is ambiguous with respect to the time and manner in which it is to be served.' " *State v. Gayden*, 281 Kan. 290, 291, 130 P.3d 108 (2006) (quoting *State v. Duke*, 263 Kan. 193, 194, 946 P.2d 1375 [1997]).

### Constitutional challenges

Mitchell argues that his sentences violate double jeopardy, equal protection, and the Eighth Amendment. However, we decline to address the merits of Mitchell's arguments. A motion to correct an illegal sentence pursuant to K.S.A. 22-3504(1) applies in very limited circumstances. The defendant's sentence must fall within the

definition of an illegal sentence to qualify as an illegal sentence under the statute. A constitutional challenge to a sentence is not equivalent to a statutory challenge. Because the definition of an illegal sentence does not include a claim that the sentence violates a constitutional provision, a defendant may not file a motion to correct an illegal sentence based on constitutional challenges to his or her sentence. *Gayden*, 281 Kan. at 293. Thus, the district court properly concluded that it did not have jurisdiction under K.S.A. 22-3504 to address Mitchell's constitutional challenges to his sentences.

*Statutory challenge*

Mitchell summarily claims that his sentences violate the habitual offender statute, K.S.A. 21-4504, because it does not provide for consecutive sentences. Mitchell raises no argument and cites no authority to support his claim. Simply raising a point without any supporting argument or authority is the equivalent of failing to brief an issue. When an appellant fails to brief an issue, the issue is deemed waived. *State v. Corbett*, 281 Kan. 294, 315, 130 P.3d 1179 (2006).

Nevertheless, the issue has no merit. The habitual offender statute in effect at the time of Mitchell's sentences provided in pertinent part:

"(b) If a defendant is convicted of a felony a third or subsequent time, the trial judge shall sentence the defendant as follows, upon motion of the prosecuting attorney:

(1) The court shall fix a minimum sentence of not less than the greatest nor more than three times the greatest minimum sentence authorized by K.S.A. 21-4501 and amendments thereto, for the crime for which the defendant is convicted; and

(2) the court may fix a maximum sentence of not less than the least nor more than three times the greatest maximum sentence provided by K.S.A. 21-4501 and amendments thereto for the crime." K.S.A. 21-4504(b) (Ensley 1988).

K.S.A. 21-4608(1) (Ensley 1988) governed the imposition of consecutive sentences at the time of Mitchell's sentencing, stating:

"When separate sentences of imprisonment for different crimes are imposed on a defendant on the same date, including sentences for crimes for which suspended sentences, probation or assignment to a community correctional services program

have been revoked, *such sentences shall run concurrently or consecutively as the court directs.* Whenever the record is silent as to the manner in which two or more sentences imposed at the same time shall be served, they shall be served concurrently, except as provided in subsections (3), (4) and (5)." (Emphasis added.)

" 'In construing statutes and determining legislative intent, several provisions of an act *in pari materia* must be construed together with a view of reconciling and bringing them into workable harmony if possible.' [Citation omitted.]" *State v. Huff,* 277 Kan. 195, 203, 83 P.3d 206 (2004) (holding that K.S.A. 21-4608[a] empowers the district court to impose consecutive sentences for misdemeanor convictions). K.S.A. 21-4504 does not include any language precluding the application of K.S.A. 21-4608 when the district court is sentencing habitual offenders. K.S.A. 21-4504(b) governs the term of imprisonment without addressing the manner in which multiple sentences shall be served. Conversely, K.S.A. 21-4608 governs the manner in which multiple sentences imposed on the same day shall be served without regard to the term for each sentence or the application of any sentence enhancement statutes. Neither statute is ambiguous. When we construe K.S.A. 21-4504(b) in harmony with K.S.A. 21-4608, we conclude that these statutes address different components of the sentencing scheme and both statutes apply to Mitchell's sentences. Mitchell's consecutive sentences conform to the applicable statutory provisions and, thus, do not fall within the definition of an illegal sentence. Accordingly, we agree with the district court's conclusion that it lacked jurisdiction to address Mitchell's statutory claims.

### K.S.A. 60-1507

Finally, Mitchell asserts that we have jurisdiction to address his constitutional claims, even if his sentence is not illegal, by construing his motion to correct an illegal sentence as a K.S.A. 60-1507 motion. Mitchell includes this assertion as the final sentence in his brief without arguing the application of K.S.A. 60-1507 or citing any authority to support his proposition. Consequently, this argument is deemed abandoned. See *Corbett,* 281 Kan. at 315.

However, we note that Mitchell has previously filed a K.S.A. 60-1507 motion without raising any of these issues. Pursuant to K.S.A. 60-1507(c), a court is not required to entertain successive motions on behalf of the same inmate. A second or successive motion may be dismissed as an abuse of remedy unless the defendant establishes exceptional circumstances for the subsequent motion. Rule 183(d) (2006 Kan. Ct. R. Annot. 227). Exceptional circumstances are unusual events or intervening changes in the law that prevented the defendant from raising the issue in a preceding 60-1507 motion. *Woodberry v. State*, 33 Kan. App. 2d 171, 175, 101 P.3d 727, *rev. denied* 278 Kan. 853 (2004). Mitchell fails to assert any exceptional circumstances to support a successive 60-1507 motion.

Moreover, K.S.A. 60-1507(f) requires that any action pursuant to the statute be filed within 1 year of the final order from the last appellate court to exercise jurisdiction over the defendant's direct appeal, the termination of appellate jurisdiction, or the denial of a writ to certiorari by the United States Supreme Court. The court may excuse the 1-year time limitation to prevent manifest injustice. K.S.A. 60-1507(f)(2). Although Mitchell uses the language "to correct manifest injustice" in his brief, he fails to argue any manifest injustice. Thus, we cannot construe Mitchell's motion to correct an illegal sentence as a 60-1507 motion because it is time-barred.

Mitchell's motion to correct an illegal sentence pursuant to K.S.A. 22-3504 was not the proper procedure for challenging the constitutionality of the habitual offender statute. Likewise, Mitchell's consecutive sentences conform to the statutory provisions and do not support his motion to correct an illegal sentence. Finally, Mitchell's motion cannot be construed as a 60-1507 motion because he has failed to demonstrate any exceptional circumstances to support a successive motion or any manifest injustice to circumvent the 1-year time limitation on such motions. As a result, we have no jurisdiction to address Mitchell's constitutional claims. We affirm the district court's decision dismissing Mitchell's motion for lack of jurisdiction.

Affirmed.