NOT DESIGNATED FOR PUBLICATION

No. 114,540

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT JOE BARNES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Finney District Court; PHILIP C. VIEUX, judge. Opinion filed December 9, 2016. Vacated and remanded with directions.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Brian R. Sherwood*, assistant county attorney, *Susan Lynn Hillier Richmeier*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., BUSER, J., and WALKER, S.J.

*Per Curiam*:  Robert Joe Barnes appeals, claiming his criminal history score improperly calculated a 1978 Texas burglary conviction as a person felony.  Barnes argues the district court failed to analyze whether his 1978 Texas burglary charge should be classified as a person felony or a nonperson felony as required by *State v. Dickey*, 301 Kan. 1018, 1037-39, 350 P.3d 1054 (2015) (*Dickey I*). We agree with Barnes, and we remand for the district court to determine how Barnes' 1978 Texas burglary conviction should be scored in compliance with *Dickey I*. Vacated and remanded with directions.

1

In 2011, Barnes pleaded no contest to one count of distribution of methamphetamine and one count of possession of a controlled substance with no drug tax stamp affixed. A presentence investigation report (PSI) was prepared and used at sentencing indicating Barnes' criminal history scored was B. One of the entries on the PSI was a 1978 Texas conviction for "Burglary of a Habitat," which was scored as a person felony.

On October 6, 2014, Barnes filed a motion to correct an illegal sentence pursuant to *State v. Murdock*, 299 Kan. 312, 313, 323 P.3d 846 (2014), *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016), arguing the district court erred in scoring his 1978 Texas burglary conviction as a person felony. The district court denied Barnes' motion. Barnes timely appealed.

ANALYSIS

Dickey I *Applies*

Barnes acknowledges *Murdock* was explicitly overruled by *Keel*, 302 Kan. 560, Syl. ¶ 9. Nevertheless, he argues his sentence is illegal under *Dickey I*, 301 Kan. 1018. The State argues Barnes is not entitled to relief because his motion to correct an illegal sentence was based on *Murdock* rather than *Dickey I*. The State asserts Barnes' motion was properly denied by the district court and his sentence was not illegal at the time it was imposed. While the district court was correct in denying Barnes' motion based on *Murdock*, Barnes' sentence may still be illegal within the meaning of K.S.A. 22-3504. See *Dickey I*, 301 Kan. at 1035 (finding Dickey's claim was not controlled by *Murdock*; rather, the issue was whether Dickey's pre-KSGA burglary conviction should be scored as a person felony under K.S.A. 2014 Supp. 21-6811[d]).

Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review. An illegal sentence, as contemplated by K.S.A. 22-3504(1), is:

> "(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served. [Citation omitted.]" *State v. Taylor*, 299 Kan. 5, 8, 319 P.3d 1256 (2014).

K.S.A. 22-3504(1) provides that a court may correct an illegal sentence at any time. A defendant may challenge a sentence even after failing to challenge the sentence on direct appeal. *State v. Williams*, 298 Kan. 1075, 1077, 319 P.3d 528 (2014). Whether a prior conviction or adjudication was properly classified as a person or nonperson crime for criminal history purposes raises a question of law subject to unlimited review. *Dickey I*, 301 Kan. at 1034.

In *Dickey I*, the Supreme Court found:

> "[I]n order to classify a prior burglary conviction or adjudication as a person offense under K.S.A. 2014 Supp. 21-6811(d), a sentencing court must find that the prior burglary involved a 'dwelling,' *i.e.*, 'a building or portion thereof, a tent, a vehicle or other enclosed space which is used or intended for use as a human habitation, home, or residence.' K.S.A. 2014 Supp. 21-5111(k)."

From the record before us, we cannot tell what type of structure was burglarized by Barnes in 1978.

The State also asserts *Dickey I* should not be applied retroactively to any case that has become final. The State's argument is erroneous. Our Supreme Court recently

3

addressed this question in *State v. Dickey*, 305 Kan. 217, 380 P.3d 230 (2016) (*Dickey II*).

In *Dickey II*, our Supreme Court held the proper classification of a prior conviction for purposes of determining a defendant's criminal history score is purely a matter of state statutory law. *Dickey II* explicitly rejected the State's arguments regarding retroactivity and res judicata barring the application of *Dickey I* to a postappeal claim of an illegal sentence. However, *Dickey II* expressly reaffirmed ""'the definition of an illegal sentence does not include a claim that the sentence violates a constitutional provision [and] a defendant may not file a motion to correct an illegal sentence based on constitutional challenges to his or her sentence."'" 380 P.3d at 233 (quoting *State v. Moncla*, 301 Kan. 549, 553-54, 343 P.3d 1161 [2015] [quoting *State v. Mitchell*, 284 Kan. 374, 377, 162 P.3d 18 (2007)]).

*Dickey II* acknowledged *Dickey I* lacked clarity and explained the requirement that a prior burglary conviction be of a dwelling in order to constitute a person felony is a matter of state statutory law. *Dickey II* further acknowledged *Dickey I* was imbued with "a thick overlay of constitutional law occasioned by the State's unconstitutional efforts to 'save' Dickey's prior conviction as a person felony." 380 P.3d at 233. Although it is not explicitly stated, *Dickey II* seems to suggest that while the classification of a prior burglary conviction as a person felony is a matter of state statutory law, a sentencing court must apply the statute in a manner consistent with the defendant's constitutional rights in order for the sentence to be lawful. 380 P.3d at 233. Similarly, in *State v. Martin*, this court held "when a constitutional challenge results in the determination that the defendant's criminal history score is incorrect, the resulting sentence does not conform to the statutory provisions in the term of the punishment authorized and, consequently, is an illegal sentence." 52 Kan. App. 2d 474, 483, 369 P.3d 959 (2016), (citing *State v. Neal*, 292 Kan. 625, 631, 258 P.3d 365 [2011]), *petition for rev. filed* May 5, 2016. *Dickey I* applies to Barnes' claim.

Dickey I *Requires Resentencing*

The State argues *Dickey I* was wrongly decided and therefore should not be applied to Barnes' claim. However, the State concedes that if *Dickey I* applies, the matter should be remanded to the district court for resentencing. This court is bound to follow Kansas Supreme Court precedent, absent some indication the Supreme Court is departing from its previous position. *State v. Belone*, 51 Kan. App. 2d 179, 211, 343 P.3d 128, *rev. denied* 302 Kan. 1012 (2015). Our Supreme Court has given no indication it is departing from *Dickey I*; thus, we are bound to follow it. Barnes asserts *Dickey I* applies but argues "the State should not get a second chance to prove what it should have proven at the first sentencing." He acknowledges, however, in *State v. Lewis*, No. 113,438, 2016 WL 1546133, at *1 (Kan. App. 2016) (unpublished opinion), *petition for rev. filed* May 12, 2016, this court found remand to the district court was necessary to determine whether Lewis' 1978 Texas conviction for burglary of a habitation should be scored as a person felony based on the *Dickey I* framework.

Here, remand to the district court is appropriate. To date, there have been no specific findings by the district court regarding the nature of Barnes' Texas burglary conviction. The conviction was simply scored as a person felony on the PSI without any discussion or explanation on the record. The district court must make appropriate findings utilizing *Dickey I* to make sure Barnes' sentence complies with the statutory provisions of K.S.A. 2015 Supp. 21-6811. *Dickey II*, 380 P.3d at 233; *Dickey I*, 301 Kan. at 1039; *Lewis*, 2016 WL 1546133, at *5.

Vacated and remanded with directions.

5