NOT DESIGNATED FOR PUBLICATION

No. 115,759

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ROBERT BUEHLER-MAY,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed July 28, 2017. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Daniel G. Obermeier*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., POWELL and GARDNER, JJ.

*Per Curiam*:  Robert Buehler-May appeals the district court's dismissal of his second K.S.A. 60-1507 motion as untimely and successive. Upon review of the record, we agree with the district court's findings, and we affirm.

FACTS

In 2003, a jury convicted Buehler-May of first-degree murder, conspiracy to commit first-degree murder, and aggravated kidnapping. The district court sentenced

1

Buehler-May to lifetime imprisonment without the possibility of parole for 50 years (Hard 50) for first-degree murder. He was sentenced to 155 months' imprisonment for aggravated kidnapping and 117 months' imprisonment for conspiracy to commit first-degree murder, concurrent to his Hard 50. His convictions and sentence were upheld on direct appeal. See *State v. Buehler-May*, 279 Kan. 371, 110 P.3d 425 (2005).

In August 2006, Buehler-May filed a K.S.A. 60-1507 motion, arguing his trial counsel was ineffective. After an evidentiary hearing and after a nearly 4 1/2-year delay, the district court issued its decision denying Buehler-May's motion. Another panel of this court affirmed the district court. See *Buehler-May v. State*, No. 108,990, 2014 WL 1302612, at *1 (Kan. App. 2014) (unpublished opinion), *rev. denied* 301 Kan. 1045 (2015).

On April 13, 2015, Buehler-May filed a second K.S.A. 60-1507 motion, raising 28 issues. His claims can be broadly characterized as: ineffective assistance of counsel; prosecutorial error; perjury by trial witnesses; judicial bias and error; illegal sentence; and due process violations relating to his first 60-1507 motion. The district court summarily dismissed his motion, finding his Hard 50 claim had already been addressed on direct appeal and could not be addressed on collateral review. It further found several of his claims were conclusory in nature and without legal or factual support. Additionally, it found his motion was untimely and successive. Buehler-May timely appealed.

ANALYSIS

Buehler-May argues the district court erred in summarily denying his K.S.A. 60-1507 motion. To be entitled to relief under K.S.A. 60-1507, the movant must establish by a preponderance of the evidence "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or is otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the

2

prisoner as to render the judgment vulnerable to collateral attack." K.S.A. 60-1507(b); Supreme Court Rule 183(g) (2017 Kan. S. Ct. R. 222).

To avoid the summary denial of a motion brought under K.S.A. 60-1507, a movant bears the burden of establishing entitlement to an evidentiary hearing. To meet this burden, a movant's contentions must be more than conclusory, and either the movant must set forth an evidentiary basis to support those contentions or the basis must be evident from the record. If such a showing is made, the court is required to hold a hearing unless the motion is a second or successive motion seeking similar relief. When the district court summarily denies a K.S.A. 60-1507 motion, an appellate court conducts a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

*Untimely and Successive*

The majority of Buehler-May's claims cannot be reviewed because his motion is untimely and successive. "[U]nder K.S.A. 60-1507(c), a court is not required to entertain successive motions on behalf of the same prisoner." *State v. Trotter*, 296 Kan. 898, 904, 295 P.3d 1039 (2013) (citing *State v. Mitchell*, 284 Kan. 374, 379, 162 P.3d 18 [2007]). "A movant in a K.S.A. 60-1507 motion is presumed to have listed all grounds for relief, and a subsequent motion need not be considered in the absence of a showing of circumstances justifying the original failure to list a ground." *Trotter*, 296 Kan. 898, Syl. ¶ 2. A defendant has 1 year from when a conviction becomes final to file a motion under K.S.A. 60-1507(a). K.S.A. 60-1507(f)(1).

In his brief, Buehler-May concedes all of his claims except the Hard 50 and the delay in the district court's decision on his first 60-1507 motion are barred as successive and untimely. However, he raises the issues to preserve them for potential federal review.

3

His claim regarding the delay in deciding his first 60-1507 motion is not untimely or successive. He filed it 53 days after our Supreme Court denied review in *Buehler-May*, 2014 WL 1302612. It does not relate to or arise from an issue at trial or on direct appeal; rather, it relates to the timeliness of the district court's resolution of his first 60-1507 motion and not to the original sentence imposed.

*Hard 50 Sentence*

With regard to his challenge to the Hard 50 sentence, Buehler-May is technically raising a claim of an illegal sentence. K.S.A. 22-3504(1) provides that a court may correct an illegal sentence at any time. A defendant may challenge a sentence even for the first time on appeal. *State v. Fisher*, 304 Kan. 263, 264, 373 P.3d 781 (2016). K.S.A. 22-3504(1), however, has very limited applicability. See *State v. Gray*, 303 Kan. 1011, 1014, 368 P.3d 1113 (2016). Because the definition of an illegal sentence does not encompass violations of constitutional provisions, a defendant may not challenge a sentence on constitutional grounds under K.S.A. 22-3504. *State v. Lee*, 304 Kan. 416, 418, 372 P.3d 415 (2016).

Here, Buehler-May "attacks the sentencing scheme as unconstitutional," arguing his sentence was imposed in violation of *Alleyne v. United States*, 570 U.S. __, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013). As our Supreme Court found in *State v. Brown*, 306 Kan. __, 393 P.3d 1049, 1051-52 (2017), "a defendant cannot use a motion to correct an illegal sentence under K.S.A. 22-3504 to seek relief based on the constitutional holding in *Alleyne*." Therefore, we cannot construe Buehler-May's claim as a motion to correct illegal sentence under K.S.A. 22-3504. His claim must be construed as a collateral challenge under K.S.A. 60-1507 and is subject to the timeliness requirements thereunder.

Buehler-May's second K.S.A. 60-1507 motion was filed more than 1 year after the date his conviction became final. He acknowledges his conviction became final before

*Alleyne* was decided but argues he is entitled to relief under *State v. Soto*, 299 Kan. 102, 322 P.3d 334 (2014). In *Brown*, our Supreme Court clarified *Soto* only applied *Alleyne* to cases that were not final at the time *Alleyne* was decided. See *Brown*, 393 P.3d at 1052. Thus, Buehler-May is not entitled to relief under *Soto*. He incidentally raises a due process argument regarding his sentence but fails to fully explain or argue the point. A point raised incidentally in a brief and not argued therein is deemed abandoned. *State v. Sprague*, 303 Kan. 418, 425, 362 P.3d 828 (2015).

*4 1/2-Year Delay*

Buehler-May asserts his due process rights were violated due to the 4 1/2-year delay between the evidentiary hearing and the district court's decision on his first 60-1507 motion. He argues the factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972), should be applied to his claim. The State argues *Barker* should not apply because it dealt with a constitutional speedy trial issue, whereas Buehler-May has already been tried, convicted, and sentenced. In support of its argument, the State cites to the United States Supreme Court's recent decision in *Betterman v. Montana*, 578 U.S. __, 136 S. Ct. 1609, 1612, 194 L. Ed. 2d 723 (2016) (rejecting the application of *Barker* to a delay in sentencing). The State argues there is even less of a reason to apply *Barker* to a 60-1507 motion than sentencing. We agree with the State— *Barker* does not apply.

Buehler-May did not suffer any loss or denial of legal remedy as a result of the delay. He was able to appeal the denial of his first 60-1507 motion. The *Buehler-May* panel noted the delay, stating: "We . . . observe that this case presents a rather protracted and unexplained procedural history. . . . Nothing in the record would indicate that Buehler-May filed any motions or took any other procedural steps to expedite the district court's decision." 2014 WL 1302612, at *1. Nevertheless, it affirmed the district court's denial of his first 60-1507 motion. 2014 WL 1302612, at *7. Because his claim was

5

found to be without merit we observe no prejudice. The result would have been the same irrespective of the delay. Even assuming there was a due process violation, the error, if any, would be harmless.

Affirmed.