NOT DESIGNATED FOR PUBLICATION

No. 119,733

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JOHN L. WEEKS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Lyon District Court; MERLIN G. WHEELER, judge. Opinion filed June 7, 2019.
Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Laura L. Miser*, assistant county attorney, *Marc Goodman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., SCHROEDER, J., and MCANANY, S.J.

PER CURIAM: In 2000, John L. Weeks was convicted of three counts of aggravated kidnapping, three counts of rape, and three counts of aggravated criminal sodomy. In separate instances, Weeks drove three women to the country, raped each of them, and compelled them to perform oral sex. District Judge W. Lee Fowler presided over Weeks' jury trial. On appeal, this court affirmed Weeks' convictions but vacated his sentence and remanded for resentencing. See *State v. Weeks*, No. 86,264, unpublished opinion filed June 7, 2002, slip op. at 3, 31 (Kan. App.) (*Weeks I*).

1

In 2003 Weeks filed his first K.S.A. 60-1507 motion based on claims of ineffective assistance of trial counsel. Judge Fowler denied relief after an evidentiary hearing. Our court affirmed that ruling on appeal. *Weeks v. State*, No. 91,513, 2005 WL 124167, at *8 (Kan. App.) (unpublished opinion), *rev. denied* 279 Kan. 1010 (2005) (*Weeks II*).

Weeks then filed a federal habeas action asserting many of these same claims. In 2006 the federal district court denied relief. *Weeks v. McCune*, No. 05-3322-JTM, 2006 WL 1360395, at *8-9 (D. Kan. 2006) (unpublished opinion), *cert. denied* 550 U.S. 911 (2007) (*Weeks III*).

Meanwhile, in 2005 Weeks filed a second K.S.A. 60-1507 motion. Judge Fowler found the motion to be successive and summarily denied relief. Weeks did not appeal.

In July 2014 and again in March 2015, Weeks moved to correct his sentence which he argued was illegal under *State v. Murdock*, 299 Kan. 312, 313, 323 P.3d 846 (2014), *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016). In initially granting relief, Judge Fowler observed at the April 2015 hearing:

> "I originally gave Mr. Weeks like 150 years. Of course, *Apprendi* came out almost exactly at the same time the court sentenced the defendant and the impact wasn't really universally known and then I was told by the supreme court, alter, I needed to resentence Mr. Weeks, which we did, and gave him the maximum that he could possibly get. Mr. Weeks is an individual who deserves the maximum sentence. There's no doubt in my mind, based upon what he's done in the past.
>
> "The question though is, what does the Constitution mean? It's not that Mr. Weeks deserves, because he deserves the maximum that anybody could possibly get in this case, which I've consistently done. But I've also taken an oath to uphold the

2

Constitution of the United States. Even if I agree or disagree with *Murdock*, the point is, *Murdock* right now says, you don't—or said, you don't count that prior felony as a person felony. And that's the law when the case was—when the crime was committed and the defendant was sentenced, even though we didn't know it was a law at that time under *Murdock*.

. . . .

"And, quite frankly, this is an order that the Court doesn't want to make. I think Mr. Weeks need to spend the rest of his life in prison, based upon what he's done, but I'm also bound by the Constitution and the prior words of the supreme court. And, based upon that, it's my belief that this particular statute can't do what the legislature wants it to do, because increasing a person's sentence by 10 years is not a procedural matter. It is very substantive and, certainly, I believe that that—it should be done, but I can't do it because the Constitution says you can't and that's the Constitution of the United States that controls criminal prosecutions and I believe that this law violates that provision."

The district court initially found that *Murdock* controlled and continued the matter in order for court services to prepare a new presentence investigation report for consideration by the court and the parties. In the interim *Keel* was decided and the district court determined that *Murdock* no longer applied and denied relief. Our court affirmed on appeal. *State v. Weeks*, No. 114,531, 2017 WL 839516, at *2 (Kan. App.) (unpublished opinion), *cert. denied* 138 S. Ct. 450 (2017) (*Weeks IV*).

In 2018 Weeks filed his third, and current, motion for relief under K.S.A. 2018 Supp. 60-1507. He asserted that his actual innocence excused the late filing of this motion. He claimed ineffective assistance of trial counsel and judicial bias by Judge Fowler during all the various proceedings in the case. A different district court judge summarily denied relief, finding the motion to be successive. The only new allegation was the claim that Judge Fowler displayed bias in comments he made at the resentencing hearing in April 2015, which the district court found to be an inadequate basis for relief.

Weeks' appeal now brings the matter to us.

3

Weeks argues that the district court erroneously concluded that his judicial bias claim was conclusory and was not supported by the facts and that his current motion was successive and untimely. He also criticizes the adequacy of the district court's findings.

Because Weeks was summarily denied relief on his motion, our review is de novo. See *Barr v. State*, 287 Kan. 190, 196, 196 P.3d 357 (2008). Our task now is to determine de novo whether the motion, files, and records of the case conclusively establish that Weeks is not entitled to relief. See *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014). Because our review is de novo, we need not concern ourselves with the grounds cited by the district court or the adequacy of the district court's findings. Those are all matters we will determine ourselves.

This is Weeks' third K.S.A. 60-1507 motion and his fourth motion for habeas relief. A court need not entertain a second or successive motion for similar relief on behalf of the same prisoner. *State v. Trotter*, 296 Kan. 898, 904, 295 P.3d 1039 (2013) (citing K.S.A. 60-1507[c]). Courts may dismiss a successive K.S.A. 60-1507 motion as an abuse of the remedy. To prevent dismissal of a successive motion, a movant must establish exceptional circumstances. *State v. Mitchell*, 284 Kan. 374, 379, 162 P.3d 18 (2007).

While Weeks admits that he raised many of the claims in previous motions, he claims that his allegation of judicial bias constitutes an exceptional circumstance. "Exceptional circumstances are unusual events or intervening changes in the law that prevented the defendant from raising the issue in a preceding 60-1507 motion." *Mitchell*, 284 Kan. at 379. Here, Weeks fails to provide any unusual events or intervening changes in the law as an excuse for why he could not have raised his current claims in his two prior motions.

4

Weeks' current motion raises five claims of trial error: (1) trial counsel's failure to seek and obtain an expert witness to rebut the State's DNA evidence; (2) trial counsel's failure to make an argument relating to chain of custody related to the DNA evidence; (3) district court's denial of potential alibi witness testimony; (4) Judge Fowler's "testimony" that he saw Weeks being transported outside the courtroom without restraints; and (5) the multiplicity of his convictions.

The first four of these claims were raised and disposed of in earlier K.S.A. 60-1507 proceedings and in his federal habeas action. The multiplicity claim was raised and disposed of in Weeks' direct appeal. These claims are all successive.

Weeks attributes various adverse evidentiary rulings throughout the case to judicial bias. But those rulings—with the exception of the judge's remarks at the 2015 resentencing hearing—either were or could have been challenged in his direct appeal. K.S.A. 60-1507 proceedings are not a substitute for a direct appeal absent a showing of exceptional circumstances. Supreme Court Rule 183(c)(3) (2019 Kan. S. Ct. R. 228).

Moreover, Weeks' motion was untimely with respect to matters and rulings that arose during the course of his trial. He had one year from when his convictions became final to request relief under K.S.A. 60-1507(a). K.S.A. 2018 Supp. 60-1507(f)(1). A court may extend the one-year time limitation for bringing a 60-1507 action only to prevent a manifest injustice. K.S.A. 2018 Supp. 60-1507(f)(2). Manifest injustice means "'obviously unfair'" or "'shocking to the conscience,'" and in considering this claim we consider the totality of the circumstances, meaning that no single factor is dispositive, when determining a claim of manifest injustice. *Vontress v. State*, 299 Kan. 607, 614, 616, 325 P.3d 1114 (2014). In examining the existence of manifest injustice,

"the court's inquiry shall be limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable

5

claim of actual innocence. As used herein, the term actual innocence requires the prisoner to show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 2018 Supp. 60-1507(f)(2)(A).

Weeks' claim of actual innocence is based on claimed trial errors. But these either were or could have been disposed of long ago in Weeks' direct appeal.

Weeks argues: "For an inmate to establish 'a colorable claim of innocence,' the statute requires that he or she show that 'it is more likely than not that no reasonable juror would have convicted the prisoner *in light of new evidence*.' K.S.A. 2017 Supp. 60-1507(f)(2)(A)." But Weeks provides none of the "new evidence" he concedes is a prerequisite for relief. He merely dresses up old adverse trial rulings in the robes of judicial bias. The district court did not err in summarily dismissing these old judicial bias claims because his motion was untimely, and Weeks has failed to establish manifest injustice necessary to bypass the time requirement.

The sole exception is the judge's comments at the 2015 resentencing hearing. The ultimate ruling on that matter was not final until the United States Supreme Court denied certiorari on November 11, 2017. Weeks filed his current motion on January 17, 2018. So timeliness is not at issue with respect to those specific remarks.

As to Weeks' new judicial bias claim based on Judge Fowler's remarks at the 2015 hearing, we use a two-part test when considering a judicial bias argument in a criminal case: (1) The defendant must show that the trial judge has a duty to recuse; and (2) the defendant must show actual bias or prejudice that warrants setting aside the conviction or sentence. *State v. Robinson*, 293 Kan. 1002, 1032, 270 P.3d 1183 (2012).

A judge must recuse in any proceeding in which the judge's impartiality might reasonably be questioned, including when the judge has a personal bias or prejudice

concerning a party. Kansas Code of Judicial Conduct, Supreme Court Rule 601B, Canon 2, Rule 2.11(A)(1) (2019 Kan. S. Ct. R. 449). A judge must not, by words or conduct, manifest bias or prejudice based on certain listed factors in the performance of judicial duties. Kansas Code of Judicial Conduct, Supreme Court Rule 601B, Canon 2, Rule 2.3 (2019 Kan. S. Ct. R. 444) (factors include "race, sex, gender, religion, national origin, ethnicity, disability, age, sexual orientation, marital status, socioeconomic status, or political affiliation").

Adverse legal rulings are not in and of themselves evidence of actual bias. *State v. Hurd*, 298 Kan. 555, 570-71, 316 P.3d 696 (2013). In *Hurd*, the court held that a judge's comment that the "'best place for [Hurd] is prison'" did not show bias because the judge made them in the context of discussing the defendant's violent criminal history. 298 Kan. at 571.

In *State v. Schaeffer*, 295 Kan. 872, 874-75, 286 P.3d 889 (2012), the judge stated:

> "'The word "heinous" is defined as somebody who is grossly wicked, reprehensible, abominable. Those terms fit you to a T. . . .
>
>      . . . .
> "'. . . [T]here are other Jason Schaeffers, and they're walking the streets of Topeka. They should not be allowed to walk. They should not be allowed to live. They should not be allowed to survive.
>
>      . . . .
> "'If I could, the Hard 40 probably wouldn't be enough for you . . . .'"

The Kansas Supreme Court described these remarks as "generally excessive and ill-advised" and deemed them sufficient to persuade the court that he should have recused. 295 Kan. at 876. But the *Schaeffer* court found that the remarks did not established actual bias that warranted setting aside the convictions because the district court judge's

7

preferences for a more severe punishment did not cause him to deviate from the sentencing factors in place at the time. See 295 Kan. at 876.

In Weeks' K.S.A. 2018 Supp. 60-1507 motion, he asserts violations of "Canons 2, 3, 3(A)(1), and 6.01 et seq." and details two specific instances occurring during previous hearings that he claims show both bias and unprofessional or unethical conduct.

The first instance was a remark attributed to Judge Fowler during the evidentiary hearing on Weeks' first K.S.A. 60-1507 motion in 2003. Weeks could have raised this in his second K.S.A. 60-1507 motion in 2005 but failed to do so. To raise it now is both untimely and successive.

Judge Fowler's second remarks were made during the hearing in 2015 on Weeks' motion to correct illegal sentence and are set forth in detail earlier in this opinion. Considering Judge Fowler's remarks in their entirety, it is clear that he was commenting on the nature and extent of Weeks' crimes and the judge's sworn constitutional duty to adhere to the Constitution and uphold the rule of law regardless of what the judge believes the law ought to be. Judge Fowler's remarks do not constitute actionable bias. Moreover, these statements were made *after* the trial, so Weeks is unable to establish that "it is more likely than not that no reasonable juror would have convicted [him]" at trial because of this judicial bias. See K.S.A. 2018 Supp. 60-1507(f)(2)(A). And when it comes to Weeks' resentencing, the judge's remarks demonstrate his unwaivering adherence to the rule of law. They were not an outward sign of bias that played out in the judge's ruling in the case.

Finally, Weeks asserts that Judge Fowler gave the State an "unlawful continuance" as a "stall tactic" to give it more time to move for reconsideration and to help prevent Judge Fowler from resentencing Weeks. Weeks insists that Judge Fowler should be disqualified from presiding over any further proceedings involving Weeks. But this court

8

already considered Judge Fowler's actions and upheld the district court's judgment in 2017. See *Weeks IV*, 2017 WL 839516, at *2.

We conclude that the district court did not err in summarily dismissing Weeks' latest K.S.A. 2018 Supp. 60-1507 motion.

Affirmed.