NOT DESIGNATED FOR PUBLICATION

No. 121,522

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

KELVIN HENRY GIBSON,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Wyandotte District Court; JENNIFER ORTH MYERS, judge. Opinion filed July 31, 2020. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Daniel G. Obermeier*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., HILL and WARNER, JJ.

PER CURIAM: Kelvin Henry Gibson appeals from the district court's summary denial of his second motion for habeas corpus relief under K.S.A. 2019 Supp. 60-1507. Gibson contends he received ineffective assistance from his prior counsel who represented him in the first K.S.A. 60-1507 proceeding. Upon our review, we find no error and, therefore, affirm the district court.

1

FACTUAL AND PROCEDURAL BACKGROUND

In 2010, Gibson was convicted of first-degree murder and aggravated robbery. The district court sentenced Gibson to a hard 20 life sentence consecutive to a 61-month prison term. The Kansas Supreme Court affirmed Gibson's convictions on appeal. *State v. Gibson*, 299 Kan. 207, 322 P.3d 389 (2014).

On April 15, 2015, Gibson filed his first K.S.A. 60-1507 motion. He claimed the trial court had failed to make specific findings of fact in denying his motion to suppress and this lack of findings precluded appellate review. After the district court summarily denied the motion, we affirmed the district court's ruling. *Gibson v. State*, No. 115,960, 2017 WL 948301, at *1-2 (Kan. App. 2017) (unpublished opinion).

On January 10, 2018, Gibson filed his second K.S.A. 60-1507 motion. In the motion, Gibson alleged that police officers had violated his rights under the Fourth Amendment to the United States Constitution and that the prosecutor had presented perjured testimony at trial. Gibson also raised various claims of ineffective assistance of counsel, including a claim that his prior K.S.A. 60-1507 counsel, Philip R. Sedgwick, had failed to raise the current issues in his first motion and had instead relitigated issues already decided by the Kansas Supreme Court. Gibson later amended his motion to include another claim of ineffective assistance of counsel against Sedgwick for failing to petition the Supreme Court for review of our decision affirming the district court's denial of his first K.S.A. 60-1507 motion.

On May 4, 2018, Gibson filed a motion for additions to the record, asking the district court to supplement the record with a document in support of a new ineffective assistance of counsel claim. Attached to the motion was a letter, dated April 24, 2018, addressed to Gibson from the Kansas Office of the Disciplinary Administrator. The letter stated:

"The investigation into your complaint against Philip Sedgwick has been completed. The investigative materials have been submitted to the Review Committee of the Kansas Board for Discipline of Attorneys. That committee has determined that probable cause exists to believe that Mr. Sedgwick has violated the Kansas Rules of Professional Conduct.

"The Review Committee has directed this office to institute formal charges against Mr. Sedgwick. The Disciplinary Administrator's Office will draft a formal complaint that will be filed in this matter and a date will be set for a hearing. It may be necessary for you to be present and testify at the hearing and you will be notified as quickly as possible as to the date of the hearing."

On August 10, 2018, Gibson requested a status update on his K.S.A. 60-1507 motion. The district court replied that Gibson's motion would "remain open pending the results of your disciplinary complaint against one of your former attorneys. The results of that hearing may have a bearing on the decision this court will submit."

The State moved to dismiss Gibson's second K.S.A. 60-1507 motion as untimely and successive. In response, Gibson asserted that the dismissal of his motion would result in manifest injustice because Sedgwick had been disciplined by the Disciplinary Administrator's Office: "The Disciplinary board said he was wrong. He gave every dime of the money back paid to him to do this motion. Because he was ineffective and he knew and so did the Disciplinary Administrator. . . . [I] hired Mr. Sedgwick and he messed up."

On March 7, 2019, the district court entered an order summarily denying Gibson's motion as untimely, successive, and otherwise without merit. As for Gibson's ineffective assistance of counsel claim based on Sedgwick's disciplinary complaint, the district court determined it lacked a sufficient factual basis in the record. Noting that a violation of a rule of professional conduct does not necessarily constitute ineffective assistance of counsel as a matter of law, the district court found that other than the letter from the

Disciplinary Administrator's office, there was "no further information in the file as to what rules were violated or the outcome of the complaint."

Gibson filed a timely appeal. The district court later denied Gibson's motion to alter or amend its ruling.

ANALYSIS

On appeal, Gibson contends the district court erred by summarily denying his second K.S.A. 60-1507 motion without conducting a preliminary hearing. Gibson argues that the district court had an obligation to conduct a preliminary hearing because Sedgwick's disciplinary complaint raised substantial issues of fact about whether he had provided ineffective assistance during Gibson's first K.S.A. 60-1507 proceeding. Given that the other arguments asserted in Gibson's motion were not briefed on appeal, we consider those arguments waived. See *In re Marriage of Williams*, 307 Kan. 960, 977, 417 P.3d 1033 (2018) (issues not briefed are deemed waived or abandoned).

A district court has three options when presented with a K.S.A. 60-1507 motion: It can summarily dismiss the motion if the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," hold a preliminary hearing and deny the motion if there are no substantial issues presented, or conduct a full evidentiary hearing on the issues. K.S.A. 2019 Supp. 60-1507(b); *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

To avoid the summary denial of a motion brought under K.S.A. 60-1507, a movant bears the burden of establishing entitlement to an evidentiary hearing. To meet this burden, a movant's contentions must be more than conclusory, and either the movant must set forth an evidentiary basis to support those contentions or the basis must be evident from the record. When, as here, the district court summarily denies a K.S.A. 60-

1507 motion, we conduct a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. 300 Kan. at 881.

To obtain relief under K.S.A. 60-1507, a movant must establish by a preponderance of the evidence that (1) the judgment was rendered without jurisdiction, (2) the sentence imposed was not authorized by law or is otherwise open to collateral attack, or (3) there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack. K.S.A. 2019 Supp. 60-1507(b); see also Kansas Supreme Court Rule 183(g) (2020 Kan. S. Ct. R. 223) (movant has burden of establishing grounds for relief).

A movant's ability to seek habeas relief under K.S.A. 2019 Supp. 60-1507 is limited by some procedural hurdles. For example, a movant only has one year from the date the mandate was issued in his or her direct appeal to file the motion. K.S.A. 2019 Supp. 60-1507(f)(1)(A). In this case, the mandate in Gibson's direct appeal was issued on May 13, 2014. Gibson filed this second K.S.A. 60-1507 motion in January 2018, well beyond the one-year time limit. Of note, the one-year time limit "may be extended by the court only to prevent a manifest injustice." K.S.A. 2019 Supp. 60-1507(f)(2). For purposes of determining the existence of manifest injustice, the district court is only allowed to consider (1) a movant's reasons for not filing the motion within the one-year time limit and (2) whether the movant makes a colorable claim of actual innocence. K.S.A. 2019 Supp. 60-1507(f)(2)(A).

Here, Gibson did not mention, let alone make, a showing of manifest injustice in his second K.S.A. 60-1507 motion. The first time he argued manifest injustice was in response to the State's motion to dismiss, when he claimed the dismissal of his motion would result in manifest injustice because of the disciplinary action taken against

5

Sedgwick. In his brief, Gibson notes that the disciplinary proceeding occurred after the one-year time limit for filing a K.S.A. 60-1507 motion.

Gibson has a second procedural hurdle to overcome. Generally, in a K.S.A. 60-1507 proceeding, the movant is presumed to have listed all grounds for relief in the original motion. *State v. Trotter*, 296 Kan. 898, 904, 295 P.3d 1039 (2013). K.S.A. 2019 Supp. 60-1507(c) provides that the district court "shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." Our Supreme Court has interpreted this statute to mean the district court may dismiss a successive motion unless exceptional circumstances justify its consideration. *Beauclair v. State*, 308 Kan. 284, 304, 419 P.3d 1180 (2018). "Exceptional circumstances are unusual events or intervening changes in the law that prevented the defendant from raising the issue in a preceding [K.S.A.] 60-1507 motion." *State v. Mitchell*, 284 Kan. 374, 379, 162 P.3d 18 (2007).

Here, because Gibson previously filed a K.S.A. 60-1507 motion for similar relief, he must show exceptional circumstances to prevent the dismissal of his motion. For the first time on appeal, Gibson asserts that the disciplinary proceeding against Sedgwick constitutes an exceptional circumstance justifying consideration of his ineffective assistance of counsel claim. See *Rowland v. State*, 289 Kan. 1076, 1087, 219 P.3d 1212 (2009) (ineffective assistance of counsel can amount to exceptional circumstances).

Upon our review, we are persuaded that Gibson's justification for his untimely and successive filing of the second K.S.A. 60-1507 motion does not entitle him to relief. This is because the premise of the second motion—that Sedgwick provided ineffective assistance of counsel to Gibson given the probable cause finding that Sedgwick had violated the Kansas Rules of Professional Conduct (KRPC)—is conclusory and lacks any evidentiary or factual basis to support the contention.

To prevail on a claim of ineffective assistance of counsel, a movant must establish (1) counsel's performance was deficient under the totality of the circumstances and (2) prejudice, i.e., a reasonable probability that but for counsel's deficient performance, the outcome of the proceeding would have been different. *State v. Sprague*, 303 Kan. 418, 426, 362 P.3d 828 (2015).

The record does not show, and Gibson does not allege, how Sedgwick's performance in the first K.S.A. 60-1507 proceeding was deficient under the totality of the circumstances or how Gibson was prejudiced as a result. The record contains only a letter from the Disciplinary Administrator's office stating there was probable cause to believe that Sedgwick violated the Kansas Rules of Professional Conduct and that a formal complaint would be filed. But Kansas courts have long held that a violation of the rules of professional conduct does not necessarily equate to ineffective assistance of counsel:

> "[U]nprofessional conduct by defense counsel which violates a disciplinary rule contained in the Code of Professional Responsibility does not constitute ineffective and inadequate counsel as a matter of law. It is simply one factor to be considered as a part of the totality of the circumstances in making a judicial determination as to whether an accused has been provided representation by effective counsel." *State v. Wallace*, 258 Kan. 639, 646, 908 P.2d 1267 (1995).

See *Wilson v. State*, 40 Kan. App. 2d 170, 179-81, 192 P.3d 1121 (2008); KRPC Rule 226, Scope [20] (2020 Kan. S. Ct. R. 287) ("Violation of a Rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption in such any case that a legal duty has been breached.").

Other than the Disciplinary Administrator's letter, the record contains no factual basis to support Gibson's ineffective assistance of counsel claim. For example, the record does not include Gibson's complaint to the Disciplinary Administrator or otherwise describe Gibson's allegations against Sedgwick. Nor does the record contain the

Disciplinary Administrator's formal complaint or the rules Sedgwick was alleged to have violated. While Gibson argued in his response to the State's motion to dismiss that "[t]he Disciplinary board said [Sedgwick] was wrong" and that Sedgwick "gave every dime of the money back paid to him to do this motion," the results of any disciplinary proceeding are not found in the record on appeal. Moreover, the record establishes no nexus or connection between the disciplinary complaint and Sedgwick's performance as Gibson's counsel in the underlying criminal case. See *Holt v. State*, 290 Kan. 491, 496, 232 P.3d 848 (2010) (mere conclusory allegations without evidentiary basis will not support ineffective assistance of counsel claim).

Gibson candidly acknowledges that the record is lacking a factual basis for his assertions of ineffectiveness: "What is obvious from the Disciplinary Administrator's letter is that the Disciplinary Administrator does not indicate what 'rules' of Professional Conduct had been violated by Mr. Sedgwick, and whether or not they relate to Mr. Sedgwick's representation of Mr. Gibson in his first K.S.A. 60-1507 action." But Gibson suggests this deficiency in the record creates a substantial issue of fact about whether Sedgwick's conduct relating to the disciplinary proceeding affected his performance while representing Gibson. As a result, Gibson contends that the district court had an obligation to appoint counsel and conduct a preliminary hearing instead of summarily denying his motion. We disagree.

Contrary to Gibson's argument, the incomplete record before us does not create a substantial issue of fact that required the district court to hold a hearing in order to search for a factual basis in support of Gibson's ineffective assistance of counsel claim. It is well-settled law that to avoid summary denial of a K.S.A. 60-1507 motion, a movant has the burden to make more than conclusory contentions and must state an evidentiary basis in support of those claims or some evidentiary support must appear in the record. See *Sola-Morales*, 300 Kan. at 881. Gibson fails to carry that burden here. See *Guillory v. State*, 285 Kan. 223, 229, 170 P.3d 403 (2007) ("[A] pro se K.S.A. 60-1507 [movant] is

8

in the same position as all other pro se civil litigants and is required to be aware of and follow the rules of procedure that apply to all civil litigants, pro se or represented by counsel.").

Because Gibson's ineffective assistance of counsel claim is conclusory, and without any apparent factual or evidentiary basis in the record, he has failed to show the manifest injustice or exceptional circumstances necessary to justify consideration of his untimely and successive K.S.A. 60-1507 motion. See K.S.A. 2019 Supp. 60-1507(f); *Beauclair*, 308 Kan. at 304. Accordingly, the district court did not err in summarily denying Gibson's second K.S.A. 60-1507 motion.

Affirmed.