NOT DESIGNATED FOR PUBLICATION

No. 123,150

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ROOSEVELT BROWN,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; AARON T. ROBERTS, judge. Opinion filed December 10, 2021. Affirmed.

*Luke H. Alsobrook*, of The Alsobrook Law Firm, LLC, of Kansas City, Missouri, for appellant, and *Roosevelt Brown*, appellant pro se.

*Daniel G. Obermeier*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., SCHROEDER and CLINE, JJ.

PER CURIAM:  Roosevelt Brown timely appeals from the district court's summary dismissal of his fourth K.S.A. 60-1507 motion. Brown argues the district court erred in not finding exceptional circumstances to permit the filing of his untimely and successive fourth K.S.A. 60-1507 motion. Based on our extensive review of the record, we find no basis to allow his untimely and successive K.S.A. 60-1507 motion to proceed. We affirm.

1

The full factual and procedural background of this case is well known to the parties. Relevant to the issues on appeal, Brown was convicted in 2003 of aggravated assault, aggravated burglary, aggravated kidnapping, and rape. His convictions and sentences were affirmed on direct appeal. *State v. Brown*, No. 92,430, 2005 WL 2949771, at *1 (Kan. App. 2005) (unpublished opinion). Brown's petition for review was denied on March 28, 2006, and the mandate was issued on March 30, 2006.

In 2007, Brown filed his first K.S.A. 60-1507 motion, alleging ineffective assistance of trial counsel for failing to call favorable defense witnesses at trial and prosecutorial error. The district court denied Brown's motion, and another panel of this court affirmed. *Brown v. State*, No. 100,944, 2010 WL 173951, at *1 (Kan. App. 2010) (unpublished opinion).

In 2011, Brown filed a second K.S.A. 60-1507 motion, alleging once again his trial counsel was ineffective for failing to call witnesses at trial. The district court denied his motion as successive. Another panel of this court affirmed. *Brown v. State*, No. 106,944, 2012 WL 5373369, at *1 (Kan. App. 2012) (unpublished opinion).

The attorney representing Brown on appeal for his second K.S.A. 60-1507 motion failed to file a petition for review. In 2013, Brown filed a motion for relief from judgment, which the district court liberally construed as a third K.S.A. 60-1507 motion. In his motion, Brown again raised various claims of ineffective assistance of trial counsel. He further asserted that his counsel on appeal from his second K.S.A. 60-1507 motion was ineffective for failing to file a petition for review. The district court summarily denied his motion as successive. Another panel of this court affirmed, finding Brown's allegations of ineffective assistance of trial counsel were successive. The panel further found, although Brown's habeas counsel was ineffective for failing to file a

petition for review, Brown could not show prejudice because there was little chance our Supreme Court would grant review. *Brown v. State*, No. 110,372, 2014 WL 7152290, at *1, 2-4 (Kan. App. 2014) (unpublished opinion). Brown's petition for review was denied by our Supreme Court on August 20, 2015. *Brown v. State*, 302 Kan. 1008 (2015).

In March 2018, Brown filed his fourth K.S.A. 60-1507 motion, which gives rise to this appeal. In his motion, Brown asserted 28 claims of error, which can generally be categorized as a repeat of the issues raised in his previous motions. The district court summarily denied Brown's motion as successive, finding Brown failed to: (1) demonstrate manifest injustice; (2) present a colorable claim of actual innocence; or (3) establish exceptional circumstances to permit an untimely and/or successive motion. See K.S.A. 2020 Supp. 60-1507(c) and (f). Brown then filed a motion to alter or amend judgment, which the district court denied.

ANALYSIS

*Standard of Review*

When the district court summarily dismisses a K.S.A. 60-1507 motion, we conduct de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018). "An inmate filing a second or successive motion under K.S.A. 60-1507 must show exceptional circumstances to avoid having the motion dismissed as an abuse of remedy." *Littlejohn v. State*, 310 Kan. 439, Syl., 447 P.3d 375 (2019). "Exceptional circumstances are unusual events or intervening changes in the law that prevented the defendant from raising the issue in a preceding 60-1507 motion." *State v. Mitchell*, 284 Kan. 374, 379, 162 P.3d 18 (2007).

3

*Discussion*

Brown argues he received ineffective assistance of counsel at trial, on direct appeal, and in prior habeas proceedings. Brown does not assert his untimely K.S.A. 60-1507 motion should be permitted on the basis it would be manifestly unjust not to consider the merits or that he presented a colorable claim of actual innocence. See K.S.A. 2020 Supp. 60-1507(f)(1)(A); K.S.A. 2020 Supp. 60-1507(f)(2)(A). An issue not briefed is deemed waived or abandoned. *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018). Brown asserts exceptional circumstances justify the filing of this successive motion by claiming ineffective assistance of counsel.

The first problem with Brown's argument is it ignores the district court's two-fold rationale for dismissing his motion—it was successive *and* untimely. In fairness to Brown, we note his previous motions seem generally timely insofar as his first K.S.A. 60-1507 motion was filed within one year of his direct appeal becoming final, and his second and third motions were filed within one year of the final appellate resolution of his prior motions. See K.S.A. 2020 Supp. 60-1507(f)(1)(A). However, Brown's fourth K.S.A. 60-1507 motion was filed more than two-and-a-half years after our Supreme Court denied his petition for review on appeal from his third K.S.A. 60-1507 motion. And this was approximately 12 years after the conclusion of Brown's direct appeal. Accordingly, even if we liberally construe the time bar of K.S.A. 2020 Supp. 60-1507(f) in favor of Brown, his current motion is still untimely, and he has not offered any argument or explanation why it should be permitted.

The second problem with Brown's argument is he cannot show exceptional circumstances based on allegations of ineffective assistance of counsel given the extensive procedural history of this case. Brown's arguments regarding the effectiveness of his trial counsel have already been raised in his prior K.S.A. 60-1507 motions. Here,

4

he simply repeats his claim that his trial counsel failed to call potentially favorable defense witnesses.

With regard to his counsel on direct appeal, Brown asserts he received ineffective assistance because his appellate counsel failed to argue the trial court erred in not conducting an evidentiary hearing "eliciting testimony from Brown's witness who was present in the courtroom at the time of the hearing." Brown offers no further explanation on this point. It is not entirely clear which witness or hearing he is referring to. Given the brevity and ambiguity of his argument, we could well conclude he has abandoned the point due to inadequate briefing. See *State v. Salary*, 309 Kan. 479, 481, 437 P.3d 953 (2019). However, from his statement of facts, we can generally infer Brown is referring to the hearing on his motion for new trial at which his witness was present. But this argument was already raised in his first two K.S.A. 60-1507 motions. Moreover, even assuming he could raise the issue now, Brown fails to sufficiently explain how the outcome of his direct appeal would have been different if the argument had been made.

Finally, about his allegations of ineffective assistance of prior habeas counsel, this issue was already resolved in the appeal from his third K.S.A. 60-1507 motion. *Brown*, 2014 WL 7152290, at *4. Brown simply repeats his argument that his previous attorney was ineffective for failing to file a petition for review following the Court of Appeals panel affirming the dismissal of his second K.S.A. 60-1507 motion. This procedural issue has already been resolved adversely to Brown, and we decline to address it again.

In his pro se supplemental brief, Brown rehashes the same arguments presented by his counseled brief here and in prior K.S.A. 60-1507 motions. Without addressing each issue he tries to raise, we find his arguments unpersuasive individually and collectively. Because this K.S.A. 60-1507 motion is repetitive and raises no exceptional circumstances or claims of actual innocence, we decline to proceed further in addressing the issues raised by Brown in his supplemental pro se brief. Brown's arguments are largely a

speculative exercise wherein Brown offers his subjective opinion regarding judicial and/or legislative motives in the development of procedural bars against successive habeas motions. In any event, our Supreme Court has consistently held district courts are not required to entertain successive K.S.A. 60-1507 motions absent a showing of exceptional circumstances. See *Littlejohn*, 310 Kan. at 443-44. This court is duty-bound to follow Supreme Court precedent absent some indication our Supreme Court is departing from its prior position. *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017). We see no indication our Supreme Court is departing from its long-standing position on this issue; thus, we are not persuaded by any of Brown's arguments.

We observe no error in the district court's summary denial of Brown's untimely and successive fourth K.S.A. 60-1507 motion. Brown has not established manifest injustice or advanced a colorable claim of actual innocence to permit filing an untimely motion. He also fails to demonstrate exceptional circumstances to allow a successive motion.

Affirmed.